## 64702. YOCHAM v. THE STATE.

DEEN, Presiding Judge.

Appellant brings this appeal from judgment based on his January 1982 conviction of a violation of Schedule II of the Georgia Controlled Substances Act, for which he was sentenced to ten years in the state penitentiary. Appellant, while bound from Miami to Tulsa on the return leg of a 24-hour round trip, was questioned by a Drug Enforcement Administration agent in the Atlanta International Airport concerning possible drug possession, and denied having drugs either on his person or in his two pieces of checked luggage. After appellant was allowed to proceed on his journey, certain events prompted the DEA agent to obtain a search warrant for the luggage, which when opened was found to contain more than 10,000 capsules of methaqualone. Appellant enumerates as error the trial court's denial of appellant's motion to suppress the items seized pursuant to a search warrant allegedly issued without probable cause. *Held:*

1. The airport stop of appellant by a DEA agent did not constitute a seizure of his person within the meaning of the Fourth Amendment. The Fourth Amendment's proscription of unreasonable searches and seizures is by no means intended to eliminate all police-citizen contact. United States v. Mendenhall, 446 U. S. 544 (100 SC 1870, 64 LE2d 497) (1980). A police-citizen encounter can be characterized as a "seizure" only if the police officer, by force or other show of authority, in some way restrains the citizen's liberty. Terry v. Ohio, 392 U. S. 1, 19 (88 SC 1868, 20 LE2d 889) (1968). In the case sub judice appellant freely consented to conversing with the agent after the latter had presented his credentials. The agent made no show of force, and his manner was completely non-coercive. He did not ask appellant to move from where he was sitting, and after the appellant refused consent to a

search of his person and luggage, the agent terminated the conversation and walked away, leaving appellant free to board his connecting flight. Compare United States v. Berry, 670 F2d 583 (5th Cir., 1982). A seizure occurs only when there has been a significant intrusion upon an individual's right to determine whether to converse and move about, United States v. Berry, supra, or when a reasonable person would think he was not free to leave. United States v. Mendenhall, supra at 554. Compare *State v. Reid,* 247 Ga. 445 (276 SE2d 617) (1981); *McShan v. State,* 155 Ga. App. 518 (271 SE2d 659) (1980). No such intrusion occurred here; therefore, there was no seizure. If there is no seizure, there is no violation of a Fourth Amendment right. Compare *Bothwell v. State,* 250 Ga. 573 (300 SE2d 126) (1983); *McAdoo v. State,* 164 Ga. App. 23 (295 SE2d 114) (1982).

2. The Drug Enforcement Administration agent's interception of appellant's luggage did not constitute a "search or seizure" within the meaning of the Fourth Amendment. While one has a right under the Fourth Amendment to expect privacy of the contents of one's luggage, this right does not extend to the bags' exterior or to control of who actually handles them once they have been released to the custody of the airline. United States v. Goldstein, 635 F2d 356 (5th Cir.), cert. denied, 452 U. S. 962 (1981). Having the bags removed from the baggage cart pending further investigation was not an unreasonable seizure under the rationale of United States v. Klein, 626 F2d 22, 26 (7th Cir., 1980) (bags detained pending arrival of a dog trained in drug detection); nor was the agent's action in lifting the suitcase to assess its weight.

Furthermore, the circumstances were such as to give rise to a reasonable suspicion that would justify detention of the bags. Although the correspondence of a person's appearance or actions to certain characteristics of the "drug courier profile" is not alone sufficient to create reasonable suspicion, Reid v. Georgia, 448 U. S. 438 (100 SC 2752, 65 LE2d 890) (1980), courts should give due consideration to the role of experience in a police officer's interpreting certain facts or occurrences. United States v. Brignoni-Ponce, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975); Terry v. Ohio, supra; United States v. Berry, supra. In this case appellant's correspondence to the profile (arrival in the early morning from a source city, dress indicating that he was not a businessman, rapid "turn-around time," extreme nervousness) was enhanced by his rushing into the rest room immediately after termination of the conversation with the agent and instantly flushing a toilet before sufficient time for a normal use had elapsed — this taking place only minutes after appellant had been observed

spending a full ten minutes in the same rest room. It does not place undue emphasis upon appellant's lavatory habits to note that emergency disposal of small quantities of contraband substances via airport plumbing was a practice the DEA agent had frequently observed in the course of his experience. Thus it was not an isolated "characteristic" or a fortuitous combination thereof, much less an "inchoate and unparticularized suspicion or 'hunch,'" Terry v. Ohio, supra at 27, that prompted the agent to examine the exterior of appellant's luggage; rather, it was a concatenation of factors that his experience had led him to associate with drug activity. Therefore, even if we had not held, supra, that interception of the luggage was not a seizure, the evidence shows that the agent had adequate grounds for reasonable and articulable suspicion.

3. In the circumstances of the case, there was probable cause for issuance of a search warrant. Probable cause means less than a certainty but more than mere suspicion or possibility. *Brown v. State,* 151 Ga. App. 830 (261 SE2d 717) (1979). Mere speculation, rumor, or opinion is not enough; there must be reasonable grounds after inquiry. *Wood v. State,* 126 Ga. App. 423 (190 SE2d 828) (1972). Furthermore, determination of whether there is probable cause for issuance of a search warrant must be made not by the police officer but by the magistrate. *Smoot v. State,* 160 Ga. 744 (128 SE 909) (1925). The officer must place before the magistrate sufficient facts to enable the latter to make his own determination and not merely adopt the conclusions of the police officer. United States v. Ventresca, 380 U. S. 102 (85 SC 741, 13 LE2d 684) (1965); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964); *Campbell v. State,* 226 Ga. 883 (178 SE2d 257) (1970). The totality of circumstances in a given case may be sufficient to create probable cause. *Cook v. State,* 136 Ga. App. 908 (222 SE2d 656) (1975). While conceding that the factors discussed in Division 2 might give rise to reasonable suspicion, appellant objects (erroneously, we believe) that "no additional facts were developed by Agents [sic] subsequent to the seizure of the luggage." Appellant seems to ignore, or at least to discount, the inference derived from appellant's testing the bag's weight while objecting, paradoxically, to the failure to use a "drug dog." Appellant also objects to the fact that the information concerning appellant's hurried trip to the rest room was relayed to the DEA agent by another officer. Hearsay testimony offered in explanation of an officer's decision to seek a warrant is admissible and, especially when the declarant is a police officer, may serve as the foundation for probable cause. *Bradford v. State,* 149 Ga. App. 839 (256 SE2d 84) (1979); *Tuzman v. State,* 145 Ga. App. 761 (244 SE2d 882) (1978).

In *State v. Smith,* 164 Ga. App. 142 (296 SE2d 141) (1982), we affirmed the trial court's grant of defendant Smith's motion to suppress evidence gained through a search of his luggage conducted in the Atlanta International Airport. Without restating the admittedly similar facts, we think the following distinctions between the case sub judice and *Smith* are noteworthy. First, in this case Agent Markonni's information regarding appellant Marvin Yocham's rapid "turn-around" time in Miami was more substantial in that it was based upon the airline's record of Yocham's plane reservation; in *Smith,* Agent Markonni speculated as to Smith's time spent in the "source city" based upon the length of time Smith had spent at a hotel there. Next, during his conversation with Markonni, Yocham volunteered that he had bought a rifle in Miami and had not informed the airline that he had checked it through to Tulsa. When he produced the receipt for the gun, the purchaser's name was not listed as "Marvin Yocham." Third, when Yocham refused to consent to a search of his person or luggage, Markonni told him that he was free to travel on to Tulsa, but that he would be met there by law enforcement officers and drug dogs. This also occurred in *Smith;* however, Markonni did not point out to Yocham specific officers who would be there to watch his movements until he boarded his plane, as he did in *Smith.* Because Yocham had no knowledge that he was being observed, his freedom of movement was not restricted in the prohibited sense. See also United States v. Mendenhall, supra. Also, upon Markonni's departure and unaware that he was being observed, Yocham bolted for the rest room from which he had exited some 7 or 8 minutes before, ran into a stall, locked the door and immediately flushed the toilet. Last, when he found Yocham's luggage, Markonni discovered that the tag read only "Marvin Yocum." The name was misspelled and there was no address, thus making it more difficult to trace.

The evidence of record supports the conclusion that the agent conducted a permissible "Terry confrontation"; that is, it was reasonable based upon the facts and circumstances of this case. See *State v. Smith,* supra at 146. Further, the repeated accusations and other evidence of overreaching by Markonni in *Smith* are not sufficient in this case to warrant a finding that the otherwise legal stop had been converted to an illegal detention. See *Radowick v. State,* 145 Ga. App. 231 (3) (244 SE2d 346) (1978). Therefore, the information upon which the agent based his claim of probable cause for the issuance of the search warrant was not gleaned from his harassment of Yocham, as we found that it was in *Smith.*

We find none of appellant's contentions meritorious.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 22, 1983 —
REHEARING DENIED MARCH 8, 1983 —

T. Michael Martin, for appellant.
Robert E. Keller, District Attorney, Steven E. Lister, Assistant District Attorney, for appellee.