76394, 76395. COLLINS v. THE STATE (two cases).
(372 SE2d 503)

BENHAM, Judge.

The controlling issue in appellants' appeals from their convictions at a joint trial for possession of marijuana is the legality of the search which revealed the contraband. We find the search illegal, hold that the trial court erred in denying appellants' motion to suppress, and reverse the judgments of the trial court.

At the motion to suppress hearing, the arresting officer, Officer Downing, testified that on the afternoon of the search and arrest, she received three telephone calls from an unknown man who asked for Detective Thomas. When Officer Downing told the man for the third time that Detective Thomas was not present and could not be reached, he gave her a tip that one of two described cars would be bringing six to eight pounds of marijuana to a particular address in town that day. An officer dispatched to look for the cars reported by

radio that one of them was present. That officer subsequently stopped the car when it left that address. The occupants were appellants. Appellant Judy Collins was asked for consent to search the car, but she refused it. Officer Downing then searched the car without consent, asserting that she had probable cause to believe there was contraband in the car. The search revealed marijuana in the trunk.

On cross-examination, Officer Downing testified that she did not know the identity of the caller at the time the information was given or at the time of the hearing and that she did not ask for the caller's identity. When asked for the basis of her conclusion that the caller was reliable, Officer Downing stated that she knew Detective Thomas was working with an informant who had been giving him information, and the caller said he had been working with Detective Thomas. Asked how she knew this was the same person who had been giving information to Detective Thomas, Officer Downing replied that the caller said Detective Thomas had told him to give her the information if Detective Thomas was not present, but she then admitted that she knew nothing abut the caller whatsoever. At the suppression hearing and at a later hearing convened to permit the State to supplement the evidence it had offered at the suppression hearing, Detective Thomas testified that he had told Officer Downing that he was working with an informant who had been vouched for by a GBI agent, but that Downing had never heard the informant's voice.

We find this case to be controlled by *Parker v. State*, 161 Ga. App. 37 (3) (288 SE2d 852) (1982): "Information obtained by police officers engaged in an investigation may be used by another officer common to that investigation as a reliable basis for the establishment of probable cause. [Cits.] In cases where an informant supplies the information to one officer who then relays it to a fellow officer, the question has revolved around the reliability of the informant. Where the informant is found to be reliable, probable cause for the non-receiving officer to search exists. [Cits.] However, where the *officer receiving the tip* could not establish the credibility of the informant, probable cause was not demonstrated. [Cit.]" In *Parker*, the officer receiving the information was able to establish the reliability of the informant, and we held that action taken based on the information was appropriate. Here, however, the officer receiving the information knew nothing about the person imparting it. Although the State attempted to show the reliability of the information through the testimony of Detective Thomas, it is clear from the record that Officer Downing did not even have enough information about the informant to be sure that the person she spoke to was the same person who had spoken to Detective Thomas; she certainly did not know enough to make a judgment about his reliability.

Although the two-pronged *Aguilar-Spinelli* test (*Aguilar v.*

*Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964); *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969)) has been abandoned in favor of a "totality of the circumstances" test (*Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983); *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984)), an informant's veracity, reliability, and basis of knowledge are still "highly relevant in determining the value of his report . . ." *Illinois v. Gates*, supra, 462 U. S. at 230. Considering those factors in the context of the totality of the circumstances, we hold that the State was unable to establish probable cause for the search of the car appellants occupied and that the trial court erred in denying appellants' motion to suppress.

*Judgments reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*John H. Calhoun, Jr.*, for appellant (case no. 76394).
*Lamar A. Elder, Jr.*, for appellant (case no. 76395).
*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.