A89A0089. DEBEY et al. v. THE STATE.
(385 SE2d 694)

CARLEY, Chief Judge.

Appellants were found guilty of possession of cocaine and possession of marijuana with intent to distribute. They appeal from the judgments of conviction and sentences that were entered on the guilty verdicts.

In their sole enumeration, appellants urge that their motion to suppress was erroneously denied by the trial court. The evidence which appellants sought to suppress had been seized pursuant to a search warrant. The affidavit upon which the search warrant was issued recited the following: "On 9/10/87 4:30 p.m. [affiant] received information from C.R.I. who stated that their [sic] was a large amount of marijuana being stored and sold at [an] above described location. Informant stated that w/m goes by the name Tim and w/f goes by the name Anita or Junaita [Juanita], both subjects will sale [sic] marijuana. Investigation conduct [sic] by Sgt. T. Jones of East Point Police Department reveals that [appellant] Timothy Debey lives at the above described address. Informant is familiar with the appearance of marijuana in its growing and dried stages. East Point and College Park Police have been conducting and [sic] investigation on this suspect for four months. This officer feels there is enough probable cause for issuance of a search warrant of the above described premises." Appellants urge that, under the applicable "totality of the

circumstances" standard of *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), this affidavit was not sufficient to provide the magistrate with probable cause for issuance of the warrant.

The affidavit may or may not be sufficient under the "totality of the circumstances" standard of *Illinois v. Gates*, supra. However, even assuming that appellants are correct and that probable cause was not shown by the affidavit, a reversal of the denial of their motion to suppress would not necessarily be mandated. There is the remaining issue of whether the exclusionary rule would or would not be an appropriate sanction to vindicate any purported violation of appellants' Fourth Amendment rights.

Because the exclusionary rule is designed to deter police misconduct rather than to punish the errors of issuing magistrates, it has been " 'modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance [by an officer] on a search warrant that is subsequently held to be defective.' " *United States v. Leon*, 468 U. S. 897, 905 (I) (104 SC 3405, 82 LE2d 677) (1984). "[T]he marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *United States v. Leon*, supra at 922 (III C). "It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. '(O)nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.' [Cit.] Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *United States v. Leon*, supra at 921 (III B). Accordingly, in those cases wherein a search warrant has been sought and issued, the ultimate question of whether evidence should be suppressed is not dependent upon the magistrate's erroneous determination that the warrant should have issued, but upon the officer's objective good-faith reliance upon the magistrate's determination, erroneous though that determination might have been. See *Adams v. State*, 191 Ga. App. 916 (383 SE2d 378) (1989).

The Supreme Court has enumerated four instances where an officer cannot be said to have had reasonable grounds for believing that the warrant was properly issued and where, therefore, suppression does remain an appropriate remedy. See *United States v. Leon*, supra at 923 (III C). Of those four enumerated instances, the record shows that only one is relevant to the disposition of the present case. At the outset of the hearing on the motion to suppress, appellants' counsel

eliminated three grounds for possible suppression by stipulating to the truthfulness of what was said in the affidavit, the neutral detachment of the issuing magistrate, and the facial sufficiency of the warrant. Accordingly, suppression would be appropriate in this case *only* if the officer's supporting affidavit was " 'so lacking in indicia of probable cause as to render [his] official belief in its existence entirely unreasonable.' [Cits.]" *United States v. Leon*, supra at 923 (III C). The text of the affidavit of the officer is set forth above and need not be quoted again here. *If* appellants are correct and probable cause was not sufficiently shown, the affidavit is nevertheless no *so deficient* as to render the officer's belief in the existence of probable cause *entirely unreasonable*. There is simply no basis for holding that the officer, who presumably is neither a lawyer nor a constitutional scholar, failed to act in objective good faith when he relied upon the magistrate's determination that probable cause was sufficiently shown by the affidavit. The affidavit is certainly no less deficient in its indicia of probable cause than was the affidavit in *Adams v. State*, supra.

In denying appellants' motion to suppress, the trial court did not specifically state whether it found probable cause to be shown or whether it found the good-faith exception to the exclusionary rule to be applicable. Thus, the trial court may have based its ruling upon *Illinois v. Gates*, supra, rather than upon *United States v. Leon*, supra. Regardless of the trial court's reasoning, however, its denial of appellant's motion to suppress should be affirmed. As previously noted, the circumstances and the evidence in this case were such that the *only* possible rationale for *not* applying the *Leon* good-faith exception is that the affidavit of the officer was so inadequate as to render his belief in the existence of probable cause entirely unreasonable. Thus, it is only the affidavit itself, and no other evidence, which would be relevant in determining whether the burden of demonstrating the applicability of the *Leon* good-faith exception was met by the State. See *United States v. Gant*, 759 F2d 484, 487-488 (II B) (5th Cir. 1985). The four corners of the affidavit show, as a matter of law, that it was not so lacking in its indicia of probable cause as to render the officer's belief in the existence of probable cause entirely unreasonable. Accordingly, a finding of the applicability of the *Leon* good-faith exception would be *demanded* under the existing circumstances and evidence. It follows that a denial of appellants' motion was the only correct ruling and that, even if the trial court based its ruling on an erroneous finding of the existence of probable cause, an affirmance would nevertheless be mandated. "When a ruling of the trial court is legally correct, it will be upheld regardless of the reason assigned. [Cits.]" *Phillips v. State*, 185 Ga. App. 54, 56 (4) (363 SE2d 283) (1987). Accordingly, the denial of appellants' motion to suppress is

affirmed under the *Leon* good-faith exception to the exclusionary rule.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong and Pope, JJ., concur. Sognier, J., concurs in judgment only. Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

The affidavit lacked probable cause and the good faith exception was not invoked by the State.

1. The assertion of invalidity of the search warrant focuses on lack of showing reliability and the basis of informant's knowledge. Defendant contends that even applying the "totality of circumstances" test of *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), there was insufficient information to justify issuing the search warrant. Defendant also urges that there was no showing that the information supplied by the informant was not stale. *Fowler v. State*, 121 Ga. App. 22 (172 SE2d 447) (1970).

The affidavit on which the search warrant issued, quoted in the majority opinion, was sworn to before the magistrate at 8:45 p.m. on September 10.

*Gates*, supra, which was acknowledged as governing by our Supreme Court in *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984), supplanted the interim two-prong test with "totality of the circumstances." The issuing magistrate's task is to make a practical, common-sense decision from everything adduced at the hearing, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, that there is a fair probability that contraband or evidence of a crime will be found at the described location.

The reviewing court's duty is to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed. As pointed out in *Stephens*, " 'we deal with probabilities [which] are not technical [but are] the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.' " This same test applies to a determination whether information contained in an affidavit is stale. *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984).

The affidavit contains the following facts: 1) the police had received a tip from an informant, whose identity the police did not wish to disclose but who was regarded by them as reliable, that "a large amount of marijuana [was] being stored and sold" at the location; 2) first names of two persons, impliedly at the location, who would sell marijuana; 3) corroboration of the informant's statement as to the name of one of them; 4) the informant could identify marijuana; 5) there had been a four-month investigation of (presumably) the male as a suspect. There is no explanation of the basis or reasons for either

the officer's opinion as to informant's familiarity with marijuana or for the on-going investigation. Likewise missing is any substantiation of the officer's conclusion that "there is enough probable cause for issuance of a search warrant." Of prime importance is the gap as to how the information about the storage or sale of marijuana was obtained.

Even utilizing a common-sense approach to the validity of the warrant and under the "totality of circumstances," the warrant was invalid because of the insufficiency of the sworn facts had by the magistrate. There was no disclosure of how the informant obtained the information related and there was nothing to affirm the informant's reliability. As observed in *Felker v. State*, 172 Ga. App. 492, 494 (4) (323 SE2d 817) (1984), "many of the cases decided under the *Aguilar-Spinelli* rule . . . remain helpful in assessing whether an informant's tip is sufficient to establish probable cause for a search." At best there were wholly conclusory statements which are inadequate to provide a sufficient basis for the magistrate to independently ascertain the existence of probable cause. *Poole v. State*, 175 Ga. App. 374 (1) (333 SE2d 207) (1985); *Collins v. State*, 188 Ga. App. 172, 173 (372 SE2d 503) (1988).

" 'Probable cause means less than a certainty but more than mere suspicion or possibility. . . . Mere speculation, rumor, or opinion is not enough; there must be reasonable grounds after inquiry. . . . The officer must place before the magistrate sufficient facts to enable the latter to make his own determination and not merely adopt the conclusions of the police officer.' " *Kelleher v. State*, 185 Ga. App. 774, 777 (1) (365 SE2d 889) (1988), quoting from *Yocham v. State*, 165 Ga. App. 650, 652 (302 SE2d 390) (1983). See *Lewis v. State*, 255 Ga. 101, 104 (2) (335 SE2d 560) (1985). To approve the affidavit requires credulous acceptance of unverified and nonspecific information.

2. There being no necessity to reach the issue of staleness, the second question is whether the rule fashioned in *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984), applies.

The *Leon* principle of a good faith exception to the exclusionary rule is not argued in this case. The State chose instead to rely on the validity of the warrant. *Leon*, in fashioning the exception, states: *"the prosecution* should ordinarily be able to establish objective good faith . . . ." (Emphasis supplied.) Supra at 924. *Leon* does not require the court to initiate an inquiry into whether good faith existed and should be applied so as to save the search despite the lack of probable cause underlying the warrant's issuance.

Once it appears that the warrant is defective because what was presented to the magistrate was deficient, it is incumbent on the State to show that the good faith exception applies. It was not even raised, below or here. Otherwise the magistrate need not be concerned

about probable cause because as long as it *exists* and can be established *later*, evidence seized pursuant to it would be admissible. This would completely avoid the magistrate's "responsibility," which is described on the quotation from *Leon* in *Adams v. State*, 191 Ga. App. 916 (383 SE2d 378) (1989).

The Supreme Court said in *Leon*: "[R]eviewing courts will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.' " Supra at 915.

In *Adams*, the *Leon* principle of a good faith exception is made an issue. The majority opinion in *Adams* does not address all of the categories in which the good faith exception does *not* apply. Two of them are relevant here: 1) affidavit so lacking in indicia of probable cause so as to render the officer's belief unreasonable (*Leon* at 923); 2) affidavit which makes issuance of search warrant look like a rubber stamp of the officer's application (*Leon* at 923).

The affidavit in *Adams* was so inadequate that it *could* be concluded the experienced officer knew better, i.e., he could not have reasonably relied on the warrant based on it. He must be "objectively reasonable" in his reliance on it for the good faith exception to apply. *Leon*, supra at 922. The trial court would have been supported had it suppressed the evidence on this basis. But I could not conclude in *Adams* that as a matter of law the trial court was in error in not fitting the affidavit into this category.

On the other hand, the evidence here would not sustain a finding of good faith. Cf. *Evans v. State*, 192 Ga. App. 216 (384 SE2d 404) (1989).

I am authorized to state that Judge Benham joins in this dissent.

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 28, 1989 — 

*Glenn Zell*, for appellants.
*Lewis R. Slaton, District Attorney, Thomas Jones, Nancy A. Grace, Joseph J. Drolet, Assistant District Attorneys*, for appellee.