A89A1366. THE STATE v. WILLIAMS.
(388 SE2d 55)

BENHAM, Judge.

The State appeals from the grant of appellee's motion to suppress the cocaine seized from him in a warrantless search. We affirm the trial court's ruling.

It is well established that in a motion to suppress the trial judge sits as the trier of fact, and that holds true even when there is a conflict in the evidence presented. The credibility of the witnesses and the weight to be accorded their testimony rest with the trier of fact, who is under no obligation to believe a witness, even in the absence of contradictory testimony. The factfinder may accept part of a witness' testimony and reject another part, and "[i]n the absence of evidence of record demanding a finding contrary to the judge's determination, this court will not reverse the ruling sustaining a motion to suppress. [Cit.]" *State v. Betsill*, 144 Ga. App. 267 (2) (240 SE2d 781) (1977). We have reviewed the transcript of the suppression hearing, and based on the conflicting testimony of the officers and the appellee and on the inconsistencies in the various reports and testimony of the officers, the trial court was authorized to find that the arresting officers

were part of an eight-man team assigned to arrest an armed robbery suspect (not appellee); that while the team was exiting the police vehicle in which they arrived at the scene, a number of people gathered to watch the activity; that appellee, who resided in the other apartment in the duplex apartment building where the suspect lived, had just left his apartment and gotten into a friend's car to go to work; and that when appellee got into the vehicle, he closed the door and moved to put a soft drink can he had had in his pocket on the floorboard of the vehicle, placing the can to the inside of his legs so that his legs were between the can and the door. The officers saw appellee's actions, drew their weapons, approached the car, and ordered appellee out of the car. One of the officers admitted that at that point appellee was under arrest. The officers requested identification and appellee complied. Appellee testified that one of the officers told appellee he saw him "put something down on the seat" and that when the officer opened the door, he saw the soft drink can. The officer then handcuffed appellee, searched him, and found a matchbox containing cocaine in his pocket.

The trial court concluded that appellee's warrantless arrest was without probable cause; that appellee's actions prior to his being seized by the officers did not constitute criminal activity; and that there was no reason to conclude that a failure of justice would have occurred for lack of a warrant. See OCGA § 17-4-20. The trial court rejected the State's argument that there was no arrest until after the alleged plain viewing of the soft drink can and that the viewing supplied probable cause to arrest, finding that contention to be inconsistent with the facts presented that appellee was restrained when the officers went to the vehicle with drawn weapons and ordered appellee out of the vehicle. Under the facts found by the trial court, it properly held that appellee's Fourth Amendment rights regarding search and seizure were violated. Compare *Sultenfuss v. State*, 185 Ga. App. 47 (1) (363 SE2d 337) (1987), in which the police officers were acting on information obtained from a "known confidential informant who had given reliable information in the past." Compare also *Yocham v. State*, 165 Ga. App. 650 (1) (302 SE2d 390) (1983). In the absence of "specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct [cits.] . . . [of] some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity [cits.]" (*Tarwid v. State*, 184 Ga. App. 853, 854 (363 SE2d 63) (1987)), the trial court did not err in granting appellee's motion to suppress the evidence seized from him upon his arrest.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 9, 1989.

Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney, for appellant.
Renee S. Schwartz, for appellee.