A90A1829. JAMES v. THE STATE.
(401 SE2d 558)

SOGNIER, Chief Judge.

Wendall James was convicted of DUI and speeding. He appeals on the sole basis that the trial court erred by denying his motion to suppress the results of the state-administered breath test.

We affirm. At the hearing on the motion to suppress, the arresting officer testified that he read appellant his implied consent rights.

Both the arresting officer and the licensed intoximeter operator testified that appellant never requested an independent test of his blood alcohol level. Although appellant testified he did request an independent test, the credibility of the witnesses was for the trial court, as the trier of fact, see *State v. Williams*, 193 Ga. App. 462 (388 SE2d 55) (1989), and we find no error in the denial of appellant's motion here. See generally id. Appellant raises numerous objections to matters discussed by the trial court in a letter to counsel which was filed in the record, but there is nothing in the record indicating that the letter in question was made a part of the order denying the motion. Furthermore, it is well established that this court will not reverse a correct decision of the trial court, regardless of the reason given therefor. See *Ely v. State*, 192 Ga. App. 203, 205 (4) (384 SE2d 268) (1989).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 9, 1991 —
REHEARING DENIED JANUARY 31, 1991.

*Stephen N. Hollomon*, for appellant.
*Carl A. Veline, Jr., Solicitor*, for appellee.