A90A2373. THE STATE v. MORRIS.
(402 SE2d 288)

POPE, Judge.

Appellee Pamilyn Kennedy Morris was charged with trafficking in cocaine after a search of the apartment where she resided uncovered illegal contraband. She moved to suppress the evidence of the search on the basis that the affidavit on which the search warrant was issued was deficient. The trial court granted her motion, and the State appeals. We reverse.

The affidavit in support of the warrant reads as follows: "During the week of December 18, 1988, this investigator [Detective C. L. Sasser] met with Confidential Reliable Informant #550 at a prearranged location. The CRI has proven reliable in the past by furnishing the Metro Drug Squad with information that has proven to be true and correct. At the prearranged location, the CRI stated that the CRI was familiar with a white female, known to the CRI as Pam Morris who resides at Spanish Villa Apartments, 10611 Abercorn Ext., Apt. 74, Chatham County, Georgia, who is selling Cocaine (powder) from said residence. The CRI and The CRI's vehicle were searched and after finding no money or drugs, the CRI was given $100.00 of Official Chatham County Funds. . . . This investigator then followed the CRI to Spanish Villa Apartments where the CRI exited his vehicle and walked directly to and entered Apt. 74 at approximately 11:37 AM. At approximately 11:43 AM the CRI exited said residence, entered his vehicle and met this investigator at a prearranged location. At the prearranged location, the CRI handed me two clear corner plastic bags containing off-white powder that the CRI stated that the CRI purchased from Pam Morris for the consideration of $100.00 of Official Chatham County Funds. The CRI stated that Pam Morris told the CRI that the CRI could come back at anytime to purchase cocaine. The CRI and the CRI's vehicle were again searched and no money or drugs were found. A field test conducted by this investigator on the off-white powder indicated positive for Cocaine. The CRI described Pam Morris as being a white female, in her late twenties [or] early thirties, with brown hair. . . . Based on the above information, this investigator respectfully requests that a Search Warrant be issued for the residence of Spanish Village Apartments, 10611 Abercorn Ext., Apt. 74, Savannah, Chatham County, Georgia."

On December 21, 1988, the Magistrate's Court of Chatham County issued a search warrant for the premises described above based solely on the information in the affidavit. The warrant was executed on December 30, 1988. During the search of the apartment a small quantity of contraband was found in Morris' purse and a larger quantity of contraband was found under the mattress of the bed on which she was sleeping when the officers entered the apartment to execute the warrant. Scales and other drug paraphernalia were also found in the apartment.

Following a hearing, the trial court granted Morris' motion to suppress on the basis that the affidavit on which the search warrant was issued was deficient because the alleged CRI had never furnished information upon which arrests and convictions had been obtained, Detective Sasser having only averred that the CRI had furnished information in the past which had been true and correct.

In finding the affidavit in this case to be deficient, the trial court

apparently relied on the test derived from the holdings in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969). However, that test has been abandoned in favor of the "totality of the circumstances standard" enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). " 'In *Illinois v. Gates*, [supra] the United States Supreme Court held that the existence of probable cause for the issuance of a warrant is to be determined, not according to the "two-pronged test" established in *Aguilar v. Texas*, [supra] and *Spinelli v. United States*, [supra], but rather in the light of the "totality of the circumstances" made known to the magistrate. Subsequently in *Massachusetts v. Upton*, [466] U. S. [727] (104 SC 2085, 80 LE2d 721) (1984), the Supreme Court reaffirmed its holding in *Gates*, and emphasized the rejection of an "after-the-fact, de novo (probable cause) scrutiny" by reviewing courts. Instead, the Court held that reviewing courts must decide only whether the information, viewed as a whole, provided a substantial basis for the magistrate's finding of probable cause. " 'A grudging or negative attitude by reviewing courts toward warrants,' (cit.), is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. (Cit.) A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." [Id. at 733.] *Mincey v. State*, 180 Ga. App. 898, 899-900 (350 SE2d 852) (1986).

" 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "varacity" [sic] and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to insure that the magistrate had a "substantial basis for . . . conclud(ing)" that probable cause existed.' [*Illinois v. Gates*, supra at 238]." *State v. Fultz*, 171 Ga. App. 886, 888 (321 SE2d 381) (1984).

"Utilizing this standard of review, which was adopted by the Georgia Supreme Court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), we find that the information, viewed as a whole, provided a substantial basis for the magistrate's finding of probable cause to believe that contraband was located on the premises." (Citation and punctuation omitted.) *Mincey*, supra at 900.

Moreover, even assuming that the affidavit was insufficient to establish probable cause under the totality of the circumstances test enunciated in *Illinois v. Gates*, supra, "[t]here is the remaining issue of whether the exclusionary rule would or would not be an appropri-

ate sanction to vindicate any purported violation of [Morris'] Fourth Amendment rights. Because the exclusionary rule is designed to deter police misconduct rather than to punish the errors of issuing magistrates, it has been modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance by an officer on a search warrant that is subsequently held to be defective. *United States v. Leon*, 468 U. S. 897, 905 (I) (104 SC 3405, 82 LE2d 677) (1984)." (Punctuation and indention omitted.) *Debey v. State*, 192 Ga. App. 512, 513 (385 SE2d 694) (1989). Applying the appropriate principles to the facts of this case, see *State v. Evans*, 192 Ga. App. 216, 222 (384 SE2d 404) (1989), "we conclude that no suasive evidence of record exists that the search warrant was so facially deficient that the executing officers could not reasonably presume it to be valid; that the judge who issued the warrant was other than neutral and detached; that the affidavit was so lacking in indicia of probable cause as to render an official belief in its existence entirely unreasonable; or, that the judge issuing this warrant was misled by information in the affidavit that the affiant knew or should have known, except for a reckless disregard on his part, to be false.

"The evidence recorded in the suppression hearing regarding the contents of the affidavit shows, as a matter of law, that it was not so lacking in its indicia of probable cause as to render the judge's belief in the existence of probable cause entirely unreasonable. Accordingly, assuming arguendo that probable cause had not in fact existed for the issuance of the search warrant, we are satisfied under the totality of the circumstances that the officers executing the search warrant acted in reasonable good faith reliance thereon within the meaning of *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 81 LE2d 677) [(1984)]." *Williams v. State*, 193 Ga. App. 677, 681 (388 SE2d 893) (1989). Consequently, for this reason also the trial court erred in granting the motion to suppress. See, e.g., *Debey*, supra; *Adams v. State*, 191 Ga. App. 916 (383 SE2d 378) (1989).

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellant.

*N. Harvey Weitz*, for appellee.