A92A0736. BELL v. THE STATE.
(419 SE2d 729)

POPE, Judge.

Appellant/defendant Anthony Alan Bell appeals his conviction for possession of cocaine and the denial of his appeal bond.

1. Defendant argues that the trial court erred by denying his motion to suppress the evidence seized during the search of his resi-

dence. The affidavit in support of the warrant states as follows: "Your affiant was contacted within the last five (5) days by a confidential source who will remain unnamed for safety purposes. This source states that within this same time frame they personally observed cocaine in the above stated residence. This source is untested and unproven by your affiant however this source has provided detailed information which leads me to believe they do have personal knowledge of the facts stated. Independent collaboration has been done by your affiant and verification of some facts stated have been made. Furthermore your affiant is familiar with Alan Bell whereas Mr. Bell was searched and arrested by your affiant several years ago for the same offense. Mr. Bell has served time for the offense . . . of [v]iolation of [the] Georgia Controlled Substance Act. Also, your affiant received a call from an unknown source acting simply as a tipster within the past three (3) months which stated Alan Bell was back in the cocaine business. Information provided by this tipster indicates Bell to be dealing in cocaine. Therefore, your affiant requests this warrant to cover all persons vehicles, and [curtilage] on this premises at the time of execution of this search warrant. Due to the ease of destruction and the fact that a gun was found in the search years ago, your affiant requests that this be a No-Knock Search Warrant."

Based upon the information contained in this affidavit and verbal information presented to the magistrate by the officer seeking the warrant, the magistrate issued a search warrant as requested in the affidavit.

Following a hearing on defendant's motion to suppress, the trial court denied the motion. "As a general rule, the trial court's decision on disputed questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous." (Citations and punctuation omitted.) *Talley v. State,* 200 Ga. App. 442, 444 (3) (c) (408 SE2d 463) (1991). We hold the information presented to the magistrate, viewed as a whole, provided a substantial basis for the magistrate to determine there was probable cause to believe there was contraband located on the premises. *State v. Morris,* 198 Ga. App. 441, 443 (402 SE2d 288) (1991).

Furthermore, even if "the affidavit was insufficient to establish probable cause under the totality of the circumstances test enunciated in *Illinois v. Gates,* [462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983)], '(t)here is the remaining issue of whether the exclusionary rule would . . . be an appropriate sanction to vindicate any purported violation of [Bell's] Fourth Amendment rights. Because the exclusionary rule is designed to deter police misconduct rather than to punish the errors of issuing magistrates, it has been modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance by an officer on a search warrant that is subsequently held to be defec-

tive. *United States v. Leon*, 468 U. S. 897, 905 (I) (104 SC 3405, 82 LE2d 677) (1984).' . . . *Debey v. State*, 192 Ga. App. 512, 513 (385 SE2d 694) (1989)." *Morris*, 198 Ga. App. at 443-444.

In *Leon*, supra, the Supreme Court enunciated four instances when an officer cannot be said to have reasonable grounds for believing a warrant was properly issued: (1) the warrant is facially defective; (2) the judge who issued the warrant has wholly abandoned his judicial role; (3) the affidavit was so lacking in indicia of probable cause as to render a belief that it was valid to be unreasonable; and (4) the magistrate was misled by information the affiant either knew or reasonably should have known to be false. *Leon*, 468 U. S. at 923. As in *Morris,* supra, there is no evidence that either of the four instances was present in this case. For that reason, assuming arguendo that there was not probable cause for the issuance of the warrant, we hold the officers executing the search warrant had a reasonable good faith belief that the search warrant was valid. Accordingly, the trial court properly denied defendant's motion to suppress. *Morris*, 198 Ga. App. at 444; *Williams v. State,* 193 Ga. App. 677, 681 (388 SE2d 893) (1989).

2. Defendant further contends that the trial court erred by denying his motion for an appeal bond. When deciding whether a motion for an appeal bond should be granted, the trial court must address the following four questions: (1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will commit a serious crime? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? and (4) Is the appeal frivolous or taken for delay? *Birge v. State,* 238 Ga. 88, 90 (230 SE2d 895) (1976), cert. denied, 436 U. S. 945 (98 SC 2847, 56 LE2d 786) (1978). There was compliance with the applicable procedure set forth in *Birge,* and we find no abuse of discretion of the trial court in denying an appeal bond on the basis of testimony that defendant was likely to commit another crime if bond was granted. See *Cooper v. State,* 178 Ga. App. 709 (11) (345 SE2d 606) (1986).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 27, 1992 —
RECONSIDERATION DENIED JUNE 10, 1992.

*Word & Flinn, T. Michael Flinn,* for appellant.
*Peter J. Skandalakis, District Attorney, George F. Hutchinson III, Jeffery W. Hunt, Assistant District Attorneys,* for appellee.