A95A0717. SMITH v. THE STATE.
(460 SE2d 114)

BEASLEY, Chief Judge.

Roy Dean Smith was convicted of possession of marijuana with

---

intent to distribute. He appeals from the judgment of conviction and sentence enumerating as error the denial of his motion to suppress.

On May 12, 1994, Fulton County Police Captain John Grant met with Investigators Jenkins and Hall from the Gwinnett County District Attorney's office during the Gwinnett officers' stakeout of an apartment at 5735 Roswell Road in Fulton County. The investigators indicated they had arrested an individual earlier that day with five pounds of marijuana who, according to their confidential informant, had purchased the contraband at the apartment from a person identified only as "Roy." The informant was also present during a previous marijuana purchase at the apartment which occurred within 24 hours of the arrest, and he directed the investigators there.

When the officers went to the resident manager's office to ascertain who lived in the apartment, they discovered that the unit under surveillance, apartment 502, was occupied by Japanese college students. However, because one of the officers and an employee of the apartment manager knew that the suspect owned a white truck, the officers eventually determined that the correct unit was actually apartment 504 using a map of the complex. Apartment 504 was leased to C. D. Ray; however, Captain Grant testified that the resident manager told him that Roy Dean Smith lived there.

The officers then went to apartment 504, identified themselves, and Smith permitted their entry. Captain Grant testified that as they walked in, Smith picked up an ashtray containing several marijuana cigarette butts from the coffee table and placed the ashtray on top of a high cabinet, out of the officers' view. Captain Grant asked Smith if he would consent to a search of the apartment. When Smith refused to consent, he was arrested for possession of marijuana. Captain Grant then secured the apartment until a search warrant could be obtained.

Captain Grant telephoned Fulton County Detective E. D. Hardy at a local precinct to obtain a search warrant. Investigator Jenkins related information to Hardy regarding the recent marijuana purchases at the apartment for inclusion in the search warrant application. After the warrant was issued and Detective Hardy left the precinct, he looked at the warrant and noticed that he incorrectly listed the address of the subject premises as 7000 Roswell Road instead of 5735 Roswell Road. He testified that he immediately phoned the magistrate who issued the warrant and explained that he erred in filling out the application and search warrant because he was thinking of another investigation he was working on at the time at 7000 Roswell Road when he inadvertently recorded that address. The magistrate authorized Hardy to correct the warrant and to place his initials next to the corrections. The warrant was executed, and 717 grams of marijuana were seized from Smith's apartment.

Smith contends the court erred in denying his motion to suppress in three respects: (1) there was no showing of the informant's reliability; (2) the affidavit supporting the warrant contained false information; and (3) the warrant was drawn on a different address.

" 'Information obtained by police officers engaged in an investigation may be used by another officer common to that investigation as a reliable basis for the establishment of probable cause. [Cits.] In cases where an informant supplies the information to one officer who then relays it to a fellow officer, the question has revolved around the reliability of the informant. Where the informant is found to be reliable, probable cause for the non-receiving officer to search exists. [Cits.] However, where the *officer receiving the tip* could not establish the credibility of the informant, probable cause was not demonstrated. [Cit.]' " *Collins v. State*, 188 Ga. App. 172, 173 (372 SE2d 503) (1988).

"Under the standard set forth by the United States Supreme Court in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), probable cause may be predicated on an informant's tip only if, under the totality of the circumstances, including the veracity and basis of knowledge of the informant, there is a fair probability that contraband or evidence of a crime will be found in a particular place. While establishment of the informant's veracity and basis of knowledge is no longer an absolute requirement since *Gates*, veracity and basis of knowledge are still major considerations in the probable cause analysis, and this court continues to hold that an affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant." (Citations and punctuation omitted.) *State v. Bryant*, 210 Ga. App. 319, 320 (436 SE2d 57) (1993).

The application for the search warrant reads in pertinent part: "On May 12, 1994, Affiant was contacted by Investigator John F. Jenkins of the Gwinnett County Police Department who advised Affiant that on May 12, 1994 a subject by the name of Steve Santmynes was arrested in Gwinnett County. At the time of his arrest the subject was in possession of five pounds of illegal marijuana. Further the Investigator . . . stated that a confidential and reliable informant who assisted in the arrest of Mr. Santmynes was in the company of the subject on two occasions within the past 24 hours when contraband was received by Mr. Santmynes from a subject identified as Roy Dean Smith at 5735 Roswell Road, Apartment 504, Atlanta, Fulton County, Georgia. Investigator John Jenkins . . . advised Affiant that the Informant is reliable and has given information in the past which has led to arrests."

The affidavit shows the confidential informant was reliable. It

says the informant "assisted" in Santmynes' arrest that very day. It may be inferred he was with the police when Santmynes was arrested and had to face the person he identified. Santmynes was indeed in possession of marijuana, not just a small amount, but five pounds worth. Why was Santmynes arrested? Apparently because the informant had told the Gwinnett police he had been with Santmynes twice within the past 24 hours when Santmynes bought marijuana from Roy Dean Smith at a certain apartment on Roswell Road. The informant's information that Santmynes was in possession of marijuana was proven true at the arrest. The fact that he jeopardized himself by advising the police that Santmynes had just bought marijuana twice and was in possession of it and then assisted in Santmynes' arrest showed that he was reliable when he said where and from whom he saw Santmynes get the marijuana.

As to misidentification of the apartment, the affidavit did not state that the confidential informant identified Smith at apartment 504, but rather that the informant said the marijuana came from a "subject identified as Roy Dean Smith"; the identification came from the informant's information and further investigation.

Smith asserts the affidavit contained only conclusory statements about the informant's reliability. However, *Bowe v. State*, 201 Ga. App. 127 (410 SE2d 765) (1991), applies the instructions in *Galgano v. State*, 147 Ga. App. 284, 286 (248 SE2d 548) (1978), with respect to the types of information which should be given a magistrate so the magistrate can decide that an informant is reliable and trustworthy: "the type of information previously supplied by the informant, the use to which the information was put and the elapsed time since the information was furnished." *Bowe*, supra at 131. *Bowe* says it is not necessary in every case for all three of the factors to be shown, "as long as the magistrate has sufficient information to make an independent analysis." Id. Nevertheless, the three factors are present here:

(1) "the type of information previously supplied" was that Steve Santmynes had just bought marijuana twice within the past 24 hours from a subject in a certain apartment on Roswell Road, and that the informant was with him there when he did it.

(2) "the use to which the information was put" was that Santmynes was arrested, with the assistance of the informant, and possessed five pounds of marijuana.

(3) "the elapsed time since the information was furnished" was just a few hours, whether the elapsed time means the time the information about Santmynes was acted upon and he was arrested or the elapsed time means the time since the information about the source of Santmynes' marijuana was acted on. Apparently it means the time period between the receipt of the past reliable information and the time of the affidavit for the new warrant. See *Galgano*, supra at 286.

If this is what is meant, still it is only a few hours.

Here, then, there was a basis for the magistrate to believe the informant was reliable (his prior information panned out into an arrest of Santmynes with marijuana) and the information he gave was reliable (Santmynes did have marijuana). In *Galgano*, the court found that the *information* provided by the informant was not corroborated in the affidavit so the court turned to see whether the affidavit showed that the *informant* himself was reliable or trustworthy. Id. at 285. It listed the three factors and found that the information in the affidavit was insufficient to establish the informant's reliability. The problem was "the absence of any specific underlying factual support."

Here, that underlying factual support is contained in the affidavit. It is the account of Santmynes' arrest.

The information in the affidavit as to reliability of the informant here is greater in the important benchmarks than that found sufficient in *Bowe*. There the affidavit read: " 'Said informant has provided truthful and accurate information within the past three months which has led to the seizure of controlled substances, and the arrests of persons involved in distributions of said controlled substances. Said informant did state to Detective Tripp, that within the past 48 hours, he/she had an occasion to be inside a motel room . . . [and] did observe a quantity of cocaine being stored for distribution. . . .' " Supra at 130 (3).

Applying the instructions articulated in *Galgano*, and "[t]aking a 'common-sense' approach to the evaluation of the affidavit (cit.)," the court in *Bowe* held that the affidavit was sufficient to demonstrate the informant's reliability. Supra at 131 (3). There is little difference here. In addition to the information about Santmynes having been proven true, and this further effort to get to Santmynes' source being part of the same continuing information, the affidavit did state that the informant had supplied information which led to arrests in the past. It was sufficient to demonstrate the informant's reliability.

Smith also claims the affidavit contained false information, specifically the statements that the informant was reliable and that the informant identified Roy Dean Smith of apartment 504 as the person who sold marijuana to Santmynes. As discussed above, the affidavit did not state that the informant identified Smith at apartment 504, but that the informant identified a subject who was discovered to be Roy Dean Smith of apartment 504. Nor was the statement that the informant was reliable false; the testimony Smith relies upon for that contention only supports a conclusion that he had not supplied information prior to the Santmynes investigation. As discussed above, the information he gave in that investigation does show his reliability. Finally, the fact that the warrant was originally drawn on a different address and then amended with permission of the magistrate does not

make it invalid. See *State v. Sanders*, 155 Ga. App. 274, 275 (270 SE2d 850) (1980).

*Judgment affirmed. Birdsong, P. J., Pope, P. J., Andrews, Johnson and Blackburn, JJ., concur. McMurray, P. J., concurs in the judgment only. Ruffin, J., dissents. Smith, J., not participating.*

RUFFIN, Judge, dissenting.

I do not agree that the confidential informant's reliability was established in accordance with *Collins v. State*, 188 Ga. App. 172 (372 SE2d 503) (1988) because Detective Hardy had no knowledge of the informant's credibility. In *Collins*, we held that " 'where the *officer receiving the tip* could not establish the credibility of the informant, probable cause was not demonstrated. [Cit.]' " Id. at 173. Detective Hardy relied solely on the information provided by Investigator Jenkins, the officer who received the information from the informant, and no other evidence was presented to the magistrate. Jenkins' conclusory statement to Hardy regarding the informant's reliability was utterly lacking in support. He failed to reveal the type of information the informant supplied in the past which allegedly led to arrests and failed to preface his assertion with any reference as to when the information was given. See id. Compare *Bowe v. State*, 201 Ga. App. 127, 130 (2) (410 SE2d 765) (1991). Nor was there any evidence demonstrating the likelihood that more contraband or other evidence of a crime would be found in the apartment. Moreover, Detective Hardy never corroborated the information provided by Jenkins. See *State v. Bryant*, 210 Ga. App. 319, 320 (436 SE2d 57) (1993).

The record also demonstrates that when the officers at the scene attempted to corroborate the apartment identified by the informant, they discovered he pointed out the wrong apartment despite the informant's claim that he was present when two marijuana purchases were allegedly made at the same location within 24 hours of Santmynes' arrest. This detail, relevant to the question of the informant's reliability, although subsequently corrected by the officers at the scene, was not revealed to the magistrate.

The majority sets forth information which purports to demonstrate the informant's reliability. It is not enough that that information is generally known by the officers involved in the investigation. *Collins* requires that Officer Hardy be aware of the underlying circumstances.

The Fourth Amendment cannot be indexed, shelved and retrieved at whim. Rather, it is a living text which is constant and prophylactic of governmental action deemed too pervasive to be tolerated in a free society. While at times it may brook conduct which we as a people abhor, historically, that is a price which we have deemed appropriate to pay rather than risk excessive governmental intrusion

into our private lives. The police conduct in the instant case is too egregious for a law officer and so odious to a free people that it is worthy of our orchestrated and concentrated condemnation. It is palpably dangerous to become so fixated on criminal conduct that we become blind to those ancient and cherished rights which inure to all of us as a free people.

DECIDED JULY 14, 1995.

*Spruell & Dubuc, Billy L. Spruell,* for appellant.
*Lewis R. Slaton, District Attorney, Herman L. Sloan, Carl P. Greenberg, Charles T. Shean III, Assistant District Attorneys,* for appellee.