## 42657. HAWKINS v. THE STATE.
(336 SE2d 220)

WELTNER, Justice.

Hawkins was tried in the State Court of Clayton County and was convicted of prostitution. At that time, Ga. L. 1979, pp. 3838, 3842, a special law pertaining to that court, allocated three strikes each to the state and to the defendant. She contends that in other state courts of Georgia she would have been entitled to more strikes than the state, and was denied state and federal constitutional rights to due process, equal protection, and trial by jury. She further insists that our state constitutional proscription of special legislation was violated. Hawkins cites no case in support of this position, and we have found none.

1. The Official Code of Georgia was amended effective July 1, 1985, so that the allocation of strikes between the prosecution and the defense in misdemeanor cases (2 to 4) would apply alike in all state courts. OCGA § 15-12-125. The enactment of that statute, however, does not require that *prior* legislative enactments of varying provi-

---

sions (e.g., former OCGA § 15-7-45) be held as constitutionally defective.

Her reliance upon the *general* statutory uniformity provision of the Constitution of Georgia of 1983, Art. III, Sec. VI, Par. IV, is misplaced, because that constitution contains also a *specific* uniformity provision relative to courts. Art. VI, Sec. I, Par. V, Constitution of Georgia of 1983.

The General Assembly complied with the uniformity deadline (as established by Art. VI, Sec. I, Par. V and Art. XI, Sec. I, Par. VI of the Constitution of Georgia of 1983) by amending OCGA §§ 15-7-45 and 15-12-125, to become effective July 1, 1985.

As Hawkins was convicted on May 1, 1985, sixty days before that date, there was then no statewide requirement that the allocation of peremptory strikes between the prosecution and the defense in misdemeanor cases tried in state courts be uniform. Hence, there is no constitutional infirmity.

2. The trial court properly declined to instruct the jury on the law of entrapment because Hawkins denied committing the acts charged as the offense of prostitution. The state did not inject evidence of entrapment into the case. *Gregoroff v. State*, 248 Ga. 667, 671 (285 SE2d 537) (1982).

3. Hawkins complains of the court's instructions to the jury regarding the proper role of counsel for the prosecution and defense — in particular, the court's reference to the "trial lawyer's repertoire where he becomes the theatrical artist, and he tries to teach you or to tell you what the facts are, in a kind of artful and persuasive way. . . ." The charge referred to the lawyers for *both* sides, and while it might be subject to question, it was not error.

4. The undercover police officer with whom, according to the evidence, Hawkins agreed to sexual intercourse in return for money did not become her accomplice by his presenting himself as a willing customer. The conviction may rest upon his uncorroborated testimony, *Johnson v. State*, 153 Ga. App. 771 (1) (266 SE2d 551) (1980), and as the offense charged was a misdemeanor, corroboration was unnecessary. *Dabney v. State*, 154 Ga. App. 355 (2) (268 SE2d 408) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 1985.

*Scott Walters, Jr.,* for appellant.

*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor, for appellee.*