### 43209. THE STATE v. BOATRIGHT et al.
(342 SE2d 674)

WELTNER, Justice.

The state appeals from an order sustaining the defendants' motion to suppress evidence seized on January 18, 1985, during execution of a search warrant issued on January 14, 1985. The warrant was issued by Victor Mulling, Judge Emeritus of the Municipal Court of Savannah, under the authority of Ga. L. 1984, p. 4422, which created a magistrate court effective January 1, 1985, in lieu of the Municipal Court of Savannah. The 1984 Act subsequently was amended by Ga. L. 1985, p. 4028, effective March 20, 1985.

The motion to suppress was sustained on the grounds that the 1984 and 1985 Acts establishing the magistrate court and OCGA § 15-10-20 (f) are unconstitutional under specified provisions of the Georgia Constitution,[1] on the theory that they contemplate a different method of selection and a different term of office for Judge Mulling than those provided by OCGA § 15-10-20 (d).

1. The trial court's "reliance upon the *general* statutory uniformity provision of the Constitution of Georgia of 1983, Art. III, Sec. VI, Par. IV, is misplaced, because that constitution contains also a *specific* uniformity provision relative to courts. Art. VI, Sec. I, Par. V, Constitution of Georgia of 1983." *Hawkins v. State*, 255 Ga. 172, 173 (336 SE2d 220) (1985).

2. Although the General Assembly enacted Ga. L. 1983, pp. 884,

---

[1] The order sustaining the motion to dismiss relied upon Art. III, Sec. VI, Par. IV; Art. VI, Sec. I, Par. V; and Art. VI, Sec. III, Par. I of the Constitution of Georgia of 1983.

888, OCGA § 15-10-20 (d), "to implement certain changes required by Article VI of the Constitution of the State of Georgia,"[2] the implementation of the uniformity provisions of the Constitution of Georgia of 1983 (Art. VI, Sec. I, Par. V) did not become mandatory until July 1, 1985. *Hawkins v. State*, supra. The event under inquiry transpired five months before that date.

3. The requirement of Art. VI, Sec. III, Par. I, Constitution of Georgia of 1983, that "magistrate . . . courts shall have uniform jurisdiction as provided by law" relates to *jurisdiction* rather than to the method of selection and terms of office of magistrates.

4. Accordingly, the motion should have been denied.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 7, 1986 —
RECONSIDERATION DENIED MAY 28, 1986.

*Spencer Lawton, Jr., District Attorney, David T. Lock, John E. Morse, Jr., Assistant District Attorneys,* for appellant.

*William A. Dowell, John R. Calhoun, William O. Cox,* for appellees.