43208. THE STATE v. CAPPS et al.
(342 SE2d 676)

WELTNER, Justice.

The state appeals from an order sustaining the defendants' motion to suppress evidence seized during execution of a search warrant

issued on March 22, 1985, by Victor Mulling, Judge Emeritus of the Municipal Court of Savannah, under authority of Ga. L. 1984, p. 4422, as amended by Ga. L. 1985, p. 4028, effective March 20, 1985.

1. The constitutional issues are controlled by our decision in *State v. Boatright*, 256 Ga. 23 (342 SE2d 674) (1986).

2. The absence of formal designation by Judge Andre of Judge Emeritus Mulling to serve as a magistrate under the terms of the 1985 amendment to the 1984 law did not deprive Judge Mulling of authority to issue the warrant in the circumstances of this case. In *Westley v. State*, 143 Ga. App. 344 (238 SE2d 701) (1977), the judge whose warrant was challenged had occupied the office, had held himself out as judge, and had performed the duties of the office by appointment under the former law. The law had been amended prior to issuance of the warrant so as to require the appointment of associate judges, but neither the judge nor the appointing authority then was aware of the need for a formal appointment. The facts here are analogous. On March 22, 1985, two days after the 1985 amendment became effective on March 20, 1985, Judge Mulling continued to serve as magistrate, issuing warrants in Chatham County in criminal cases. The record is silent as to whether Judge Andre had indicated his intention either to assume those duties himself, or to appoint another magistrate to perform them. We hold that Judge Mulling's acts were valid until Judge Andre gave formal written notice to Judge Mulling *either* that he would discharge these obligations himself, or that he had appointed another magistrate to discharge them. 143 Ga. App. at 345.

3. The trial court held the warrant invalid for failure to specify which of two residential units in the dwelling was to be searched. A pre-warrant inspection of the exterior of the premises by the arresting officers revealed a single entrance and street address, and only one mailbox on the front porch. A pre-warrant search of a city directory indicated no residents in the building other than the defendants. The interior of the building was not partitioned into apartments, although there were separate kitchen facilities upstairs and downstairs. A closer inspection of the premises would have revealed separate doorbells at the front door and separate gas and electric meters at the rear of the structure. The downstairs resident, an elderly aunt, paid separate gas, electric and telephone bills.

The question is one of "the obviousness of a multiple occupancy and whether a reasonably diligent police officer would discover this fact in routine investigation." *Jackson v. State*, 129 Ga. App. 901, 904 (201 SE2d 816) (1973). "Clearly, if the address is a dormitory, a motel, a duplex or a house which has been physically partitioned and such partitioning can be seen from outside, such as the fact of two front doors, two mailboxes or if the address is listed on the tax

records as having two owners, or a rooming house with signs so indicating, the warrant to avoid being defective as a 'general warrant' must on its face indicate more than the street address. However, where the dwelling is a single family dwelling and there are no external signs that its status has been changed, the lessee is not multiple and it would be unrealistic to require the police to ascertain whether the lessee is subletting, to whom, and who occupies what portion of the house. This is analogous to requiring the enforcement officers to determine if a daughter or son pays rent while residing in the same house as their parents and if their use of the house is restricted." 129 Ga. App. at 904. The downstairs resident in this case was a member of the family — an aunt. There is no evidence that the use of any family member, the defendants or the aunt, was in any respect restricted to only part of the dwelling. Multi-family occupancy was not obvious to a reasonably diligent police officer. Rather, the indicia of multi-family occupancy relied upon by the defendants (separate utility meters and doorbells) were as consistent with single-family occupancy by family members who do not share expenses (such as an adult son or an aunt), as with multi-family occupancy. The trial court should not have granted the motion to suppress.

*Judgment reversed. All the Justices concur, except Smith, J., who concurs in the judgment only as to Division 3. Gregory, J., not participating.*

DECIDED MAY 13, 1986.

*Spencer Lawton, Jr., District Attorney, David T. Lock, John E. Morse, Jr., Assistant District Attorneys,* for appellant.
*Alex L. Zipperer III,* for appellees.