## A89A1571. WILLIAMS v. THE STATE.
(388 SE2d 893)

BIRDSONG, Judge.

Appellant Grady Williams appeals his conviction of unlawful possession of cocaine and possession of less than one ounce of marijuana, and his sentence. *Held*:

Appellant's sole enumeration of error is that the trial court erred in denying his motion to suppress, as probable cause for issuance of the warrant was lacking.

In support of this enumeration, appellant asserts that the affidavit in support of the search warrant was inadequate, as it contained all of the circumstances therein presented to the magistrate, and that this "was completely devoid of any substantiation." The warrant and

affidavit have not been made a part of this record for our review. Appellant has attempted to bring the contents of the affidavit before this court by purporting to recite it verbatim in his brief. This court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record. *Hudson v. State*, 185 Ga. App. 508 (1) (364 SE2d 635). Moreover, parties cannot supplement the record merely by attaching matters to or reciting matters in their briefs. See generally *Rivera v. Harris*, 259 Ga. 171 (1) (377 SE2d 844). We will, however, hereinafter review the suppression hearing transcript to determine to the extent possible the contents of the missing affidavit.

"[A] search conducted pursuant to a search warrant, regular and proper on its face, is presumed to be valid and the burden is on the person who moves to suppress the items found to show that the search warrant was invalid." *State v. Slaughter*, 252 Ga. 435, 437 (315 SE2d 865). In this regard, although the search warrant is not included within the record, appellant has made no assertion on appeal that the search warrant was not regular and proper on its face. Further, there exists a presumption of validity regarding an affidavit supporting a search warrant. *Ross v. State*, 169 Ga. App. 655, 657 (314 SE2d 674). In the absence of a showing that the affiant engaged in misconduct in executing the affidavit or that material misrepresentations were knowingly or recklessly included in the affidavit, the presumption of validity of the affidavit must stand. *Hayes v. State*, 182 Ga. App. 319, 320 (355 SE2d 700). As appellant makes no such allegations and as the trial record discloses no such acts, we find no basis for concluding that the affidavit was not validly executed.

Following the suppression hearing, the superior court entered an order denying appellant's motion to suppress. That order included the findings "that based on the totality of the circumstances there was probable cause to issue the search warrant in this case and that the search was therefore valid." Decisions on questions of fact and credibility made by the trial court at a suppression hearing must be accepted unless clearly erroneous. *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428); accord *Williams v. State*, 256 Ga. 609, 610 (351 SE2d 454). We will now proceed to review the suppression hearing transcript to ascertain to the extent possible the contents of the affidavit, and whether the findings of fact and credibility that were made, at least tacitly, in order for the trial court to conclude that the search was based on probable cause and valid, are shown to be clearly erroneous. If an appellate court finds that an affidavit is susceptible to two or more *reasonable* factual interpretations, it should, in deference to the magistrate's determination, adopt that interpretation which most strongly supports the ruling of the magistrate as to the existence of probable cause. See *Keller v. State*, 169 Ga. App. 596

(314 SE2d 255), citing *Devier v. State*, 247 Ga. 635 (4) (277 SE2d 729) (the magistrate's determination of probable cause is entitled to great deference by reviewing courts); compare *Williams v. State*, 251 Ga. 749, 794 (8) (b) (ii) (312 SE2d 40). Moreover, " 'affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense [sic] and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. . . . *Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.*' " (Emphasis supplied.) *State v. Babb*, 134 Ga. App. 302, 303 (1) (214 SE2d 397), citing *United States v. Ventresca*, 380 U. S. 102, 108 (85 SC 741, 13 LE2d 684).

The evidence at the suppression hearing reveals the following. Detective Nichols of the Carroll County Sheriff's Department testified that he supervised an investigation that took place regarding appellant in April 1988. Detective Nichols had occasion to request the issuance of a search warrant of a room at Tanner Beach State Park that appellant was using. When requesting the warrant, the only information which Detective Nichols gave to the magistrate was that contained in the affidavit supporting the warrant. The affidavit for search warrant included the following information: Detective Nichols received information in the past five days (but prior to the search warrant being issued) from an informant that appellant was using an apartment or a small rental unit at Tanner Beach State Park for the purpose of cutting and weighing cocaine. Detective Nichols also received information from the manager of the Tanner Beach State Park that (two weeks prior to the date the search warrant was executed) one of his maids had found evidence of drug use, including a heavy residue of white powder on several items in the room that appellant had rented. The manager stated that appellant was renting the apartment for two days (apparently April 27-28), and that appellant had previously rented the apartment two weeks earlier. Detective Nichols also had information that appellant had previously been arrested by the sheriff's department for violation of the Georgia Controlled Substances Act.

The search warrant was executed on April 27, 1988. Prior to executing the warrant, Detective Nichols and two other police officers conducted surveillance of appellant's room at Tanner Beach State Park from a room next door. Appellant was observed entering his

apartment during the surveillance period. The surveillance revealed "[a] lot of loud talk, drug-related talk. You could tell it was just a party-type atmosphere in [appellant's] room next to us."

In concluding that the warrant was valid and based on probable cause, the judge issuing the warrant per force would have made a tacit finding that the information contained in the warrant and the witnesses supplying that information were credible. At the outset we find that the information reported by the manager (and apparently attributed in the affidavit to a report by his maid) would constitute information supplied by concerned citizens who were not confidential police informants. Georgia courts appropriately have always given the "concerned citizen informer a preferred status insofar as testing the credibility of his information." *Cichetti v. State*, 181 Ga. App. 272, 273 (351 SE2d 707). Moreover, we find that the information supplied independently by the confidential informant and the concerned citizen informant tended to be mutually corroborative, and thus inherently provided some mutual indicia of reliability for the judge's consideration. Under these circumstances, we find that the tacit findings of credibility by the judge were not clearly erroneous.

Appellant further asserts that the information in the affidavit, attributable to a report by the manager to the police of a report received from the maid, was unreliable hearsay. Assuming arguendo, and notwithstanding contrary evidence in the trial transcript, that this information relayed to the police by the park manager was *solely* based on hearsay information, we do not find that evidence to be without some value in supporting a probable cause determination. "The rule in Georgia has been that an affidavit supporting a search warrant may be based on hearsay information as long as there is a substantial basis for crediting the hearsay." *Lewis v. State*, 255 Ga. 101, 105 (2) (335 SE2d 560).

In this instance, both the manager (who reported the information to the police) and the maid (who duly reported the information to her supervisor, the manager) were citizen informers rather than confidential police informants. Secondly, the information reported by the manager was partially corroborated by information independently reported by the confidential informant. Each of these factors, individually or collectively, presents circumstances to the judge which would supply a substantial basis for crediting the double hearsay within the meaning of *Lewis*, supra. Compare *State v. Hockman*, 171 Ga. App. 504 (320 SE2d 241); cf. *Nelson v. Central R. &c. Co.*, 48 Ga. 152 (presumption an owner is aware of condition of his own property).

The factual information contained in the affidavit regarding appellant's prior criminal conduct also could be considered by the judge, together with the other information therein, to support a finding of probable cause to issue a search warrant. *Caffo v. State*, 247 Ga. 751,

755 (2) (c) (279 SE2d 678).

As a reviewing court, our duty is simply to ensure that the magistrate or judge had a substantial basis for concluding that probable cause existed. *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823); *Brown v. State*, 190 Ga. App. 324 (2) (378 SE2d 908); *Hockman*, supra at 505-506. Further, as above discussed, in close cases where it is not easy to determine if an affidavit demonstrates the existence of probable cause, " 'the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded . . . . warrants.' " *Hockman*, supra at 506; accord *State v. Babb*, supra at 303 (1). Examination of the known contents of the affidavit in support of the warrant, using a totality of the circumstances test, reveals that the judge had a substantial basis for concluding that probable cause existed. See generally *Illinois v. Gates*, 462 U. S. 213, 234 (103 SC 2317, 76 LE2d 527).

Moreover, we conclude that no suasive evidence of record exists that the search warrant was so facially deficient that the executing officers could not reasonably presume it to be valid; that the judge who issued the warrant was other than neutral and detached; that the affidavit was so lacking in indicia of probable cause as to render an official belief in its existence entirely unreasonable; or, that the judge issuing this warrant was misled by information in the affidavit that the affiant knew or should have known, except for a reckless disregard on his part, to be false.

The evidence recorded in the suppression hearing regarding the contents of the affidavit shows, as a matter of law, that it was not so lacking in its indicia of probable cause as to render the judge's belief in the existence of probable cause entirely unreasonable. Accordingly, assuming arguendo that probable cause had not in fact existed for the issuance of the search warrant, we are satisfied under the totality of the circumstances that the officers executing the search warrant acted in reasonable good faith reliance thereon within the meaning of *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 81 LE2d 677). Compare *Debey v. State*, 192 Ga. App. 512 (385 SE2d 694) (1989) and *State v. Evans*, 192 Ga. App. 216 (384 SE2d 404) (1989).

Appellant's enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., concurs. Benham, J., concurs in judgment only.*

DECIDED NOVEMBER 27, 1989.

*Murray M. Silver*, for appellant.
*William G. Hamrick, Jr., District Attorney, Monique F. Kirby*,

*Assistant District Attorney*, for appellee.

