## A90A1548. DAVIS v. THE STATE.
(401 SE2d 326)

McMURRAY, Presiding Judge.

Defendant Donald Davis, alias Ronald Davis, alias Hunky Davis, appeals his convictions of violations of the Georgia Controlled Substances Act (possession of cocaine with intent to distribute and possession of more than one ounce of marijuana). *Held*:

1. Defendant first challenges the denial of his motion to suppress evidence seized pursuant to a warranted search, contending that "there was no probable cause to believe that drug activity was taking place at the location described in the search warrant."

The affidavit which was offered in support of the warrant for the search of defendant's house provides, in pertinent part, as follows: "Within the past five (5) days affiant was contacted by a source who has never given information to lawenforcement [sic] officers in the past. Affiant believes the source to be truthful because it displayed a truthful demeanor when relaying the following, it is a mature person, regularly employed and gave information about [defendant] in such detail that it had to know of what is [sic] spoke. Within the pase [sic]

seven (7) days the source was in the above described premeses [sic] with a subject known to the source as 'Hunky Davis' at which time it observed a quantity of cocaine in control of Davis and also records which Davis keeps concerning illegal drug transactions. The source also gave affiant specific information that Davis resides at 625 Reed St. S.E. Atlanta, Ga. and drives a blue Volvo Station Wagon also Davis' telephone number is 584-8691. Affiant has personally observed the above premises and it is the same as described by the source and backed in the driveway was a blue Volvo Station Wagon. A check [of] Haines directory for the telephone number 584-8691 and the address 625 Reed St. S.E. show Ronald B. Davis residing there. Southern Bell telephone records show Ronald B. Davis having telephone number 584-8691 at 625 Reed St. S.E."

"Assuming without deciding that the affidavit did not provide the issuing magistrate with probable cause to believe that contraband would be found in [defendant's] residence, the exclusionary rule has nevertheless been ' "modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." ' *United States v. Leon*, 468 U. S. 897, 905 (104 SC 3405, 82 LE2d 677) (1984). 'It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination. . . . ' *United States v. Leon*, supra at 921. ' "(A) warrant issued by a magistrate normally suffices to establish" that a law enforcement officer has "acted in good faith in conducting the search." (Cit.)' *United States v. Leon*, supra at 922. 'In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.' *United States v. Leon*, supra at 926." *Adams v. State*, 191 Ga. App. 916 (383 SE2d 378).

In the case sub judice, there are no allegations that the magistrate abandoned his detached and neutral role in issuing the warrant for the search of defendant's home. Further, there is no evidence that the affiant was dishonest or reckless in preparing the affidavit or that he could not have harbored an objectively reasonable belief in the existence of probable cause to search defendant's residence. On the contrary, the evidence shows that the officer's reliance on the magistrate's determination of probable cause for the search of defendant's house was objectively reasonable. Consequently, application of the exclusionary rule would have been inappropriate. See *Debey v. State*, 192 Ga. App. 512 (385 SE2d 694). The trial court did not err in deny-

ing defendant's motion to suppress.

2. Next, defendant challenges the denial of his motion to suppress, arguing that the house searched is a "boarding house" and that "the warrant issued to search the premises was a general warrant which did not specify the subunits to be searched."

" 'A search warrant for . . . (a) multiple occupancy building will usually be held invalid if it fails to describe the particular subunit to be searched with sufficient definiteness to preclude a search of one or more subunits indiscriminately.' 2 LaFave, Search & Seizure, § 4.5 (b) at p. 78 (1978). If, however, neither the affiant nor investigating officers nor executing officers knew of or had reason to know of the structure's actual multiple occupancy character until execution of the warrant was under way, and the outward appearance of the building reflects a single-occupancy structure, the warrant is not invalid for failure to specify a subunit within the building. Id. at 79. Compare *Jones v. State*, 126 Ga. App. 841 (192 SE2d 171) (1972)." *Bing v. State*, 178 Ga. App. 288 (1), 289 (342 SE2d 762).

In the case sub judice, the search warrant was executed for a "[w]hite wood framed house with screened porch . . . occupied by [defendant]." The law enforcement officer who secured the search warrant testified that he examined the exterior of the house before obtaining the search warrant; that the house appeared to be occupied only by defendant and a female co-defendant and that the house appeared to be a "single-family dwelling." (The dual occupancy of the house confirmed information received from the informant that defendant and the female co-defendant "lived [at the house] as a husband and wife or girlfriend and boyfriend. . . .") The officer explained that the search warrant was issued for the residence in defendant's name only because a check of utility records did not indicate a need for the warrant to issue against the female co-defendant. These circumstances show that multi-family occupancy would not have been obvious to a reasonably diligent law enforcement officer. Consequently, the search warrant was properly executed for the entire dwelling. See *State v. Capps*, 256 Ga. 14, 15 (3) (342 SE2d 676). This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I concur fully in Division 2 of the majority opinion and in the judgment of affirmance. With regard to Division 1 dealing with the denial of the motion to suppress evidence, I agree with the majority that even if the affidavit was not sufficient, the reasonable good faith reliance on the search warrant would allow the admission of evidence seized. *United States v. Leon*, 468 U. S. 897, 905 (104 SC 3405, 82

LE2d 677) (1984). However, it is my opinion that the affidavit itself passes muster under *Illinois v. Gates*, 462 U. S. 213, 234 (103 SC 2317, 76 LE2d 527) (1983). "Examination of the known contents of the affidavit in support of the warrant, using a totality of the circumstances test, reveals that the judge had a substantial basis for concluding that probable cause existed." *Williams v. State*, 193 Ga. App. 677, 681 (388 SE2d 893) (1989).

DECIDED JANUARY 10, 1991.

*John J. Lieb*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet*, *David Wright*, *Richard E. Hicks*, Assistant District Attorneys, for appellee.