A91A0735. THE STATE v. GARY et al.
(411 SE2d 536)

SOGNIER, Chief Judge.

Ronald Gary and Alma Gary were indicted on a charge of possession of marijuana with intent to distribute; Ronald Gary was also indicted on a charge of possession of a firearm during the commission of a felony. The trial court granted the Garys' motion to suppress evidence seized during a search of their home pursuant to a search war-

rant. The State appeals.

We reverse. The affidavit submitted by the officer in the case sub judice is substantially similar to the affidavit at issue in *Davis v. State*, 198 Ga. App. 310 (401 SE2d 326) (1991). In that case we held that even assuming, without deciding, that the affidavit did not provide the issuing magistrate with probable cause to believe that contraband would be found in the defendant's residence, under *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984) suppression of the seized evidence did not necessarily follow unless it was established that the magistrate in issuing the warrant abandoned his detached and neutral role or that the officer was dishonest or reckless in preparing the affidavit or that the officer could not have harbored an objectively reasonable belief in the existence of probable cause. *Davis*, supra at 311.

Here, as in *Davis*, "there are no allegations that the magistrate abandoned his detached and neutral role in issuing the warrant for the search of [appellees'] home. Further, there is no evidence that the affiant was dishonest or reckless in preparing the affidavit or that he could not have harbored an objectively reasonable belief in the existence of probable cause to search [appellees'] residence. On the contrary, the evidence shows that the officer's reliance on the magistrate's determination of probable cause for the search of [appellees'] house was objectively reasonable. Consequently, application of the exclusionary rule [was] inappropriate. [Cit.]" Id. The trial court erred by granting appellees' motion to suppress.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 8, 1991 —
RECONSIDERATION DENIED OCTOBER 22, 1991 —

*Timothy G. Madison, District Attorney, Jeffrey G. Morrow, Assistant District Attorney*, for appellant.

*Jack S. Davidson, H. Bradford Morris, Jr.*, for appellees.