A92A0081. TAYLOR v. THE STATE.
(419 SE2d 56)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of trafficking in cocaine and possession of marijuana. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. After guilty verdicts were originally announced, the jury was polled. When one juror indicated that he did not agree with the verdicts, the trial court ordered the jury to continue its deliberations. Thereafter, guilty verdicts were returned to which all jurors agreed. On appeal, appellant urges that the trial court erred in ordering the jury to return to its deliberations without first having given a recharge or questioned the dissenting juror further.

Insofar as further questioning is concerned, Georgia courts have "traditionally resisted inquiring into a jury's thought processes. [Cits.]" *Kimmel v. State,* 261 Ga. 332, 335 (4) (404 SE2d 436) (1991). Appellant urges, however, that further questioning was mandated in the instant case because the comments of the originally dissenting juror "indicated that appellant's failure to testify was a factor in his verdict."

This is not supported by the record. If anything, the juror's comments indicated that appellant's failure to testify was a factor in the *withdrawal* of his assent to the original guilty verdicts. The juror stated: "I'm a little hesitant [about the original guilty verdicts] because I never heard . . . testimony from [appellant] and I [have] been a little leery about [the original guilty verdicts]. But I went along [with the original guilty verdicts] because of the evidence that was

shown before me." This would evince that the juror was *correctly* focusing on whether the evidence as to appellant's guilt overcame the presumption of his innocence and was *not incorrectly* considering whether appellant's silence was inculpatory. Under these circumstances, further questioning was not necessary to clarify the juror's "confusion" about the evidentiary effect of appellant's silence, because there was no "confusion" on the part of the juror to clarify.

Insofar as a recharge is concerned, no request was made therefor. "In the absence of a request for [a] . . . recharge, appellant is in no position to assert error. [Cit.]" *Brownlee v. State,* 155 Ga. App. 875, 876 (3) (273 SE2d 636) (1980).

One juror having indicated his disagreement with the original guilty verdicts and no request for a recharge having been made, the trial court did not err in merely ordering the jury to return to its deliberations. "The procedure followed by the trial court to resolve any misunderstanding as to the verdict was correct. [Cits.] . . . Accordingly, this enumeration is without merit." *Hudson v. State,* 157 Ga. App. 71, 73 (3) (276 SE2d 122) (1981).

2. The cocaine and marijuana had been seized in appellant's residence pursuant to the execution of a search warrant. The warrant had not been issued to search appellant's residence for the drugs, but for a handgun used in a murder for which a Bahamian warrant to arrest appellant had been issued. Probable cause was predicated upon information which originally had been given by an anonymous telephone caller and which subsequently had been corroborated to a great degree by the officer who sought issuance of the search warrant. Appellant moved to suppress the cocaine and marijuana but, after conducting a hearing, the trial court denied appellant's motion. The denial of the motion to suppress is enumerated as error.

At the hearing on appellant's motion, the officer who obtained the warrant testified as to information which had been given to him by the anonymous telephone caller and which he had relayed to the issuing magistrate but not included in the affidavit. After hearing the officer's testimony and considering the affidavit, the trial court found that the magistrate's issuance of the search warrant had been based on probable cause. The trial court sits as the trior of fact at the hearing on a motion to suppress, and it does not appear that the trial court's finding that the magistrate was authorized to conclude that probable cause did exist is clearly erroneous.

In any event, "in those cases wherein a search warrant has been sought and issued, the ultimate question of whether evidence should be suppressed is not dependent upon the magistrate's erroneous determination that the warrant should have issued, but upon the officer's objective good-faith reliance upon the magistrate's determination, erroneous though that determination might have been. [Cit.]"

*Debey v. State,* 192 Ga. App. 512, 513 (385 SE2d 694) (1989). "The affidavit [and oral testimony] submitted by the officer in the case sub judice is . . . similar to the affidavit at issue in *Davis v. State,* 198 Ga. App. 310 (401 SE2d 326) (1991). . . . Here, as in *Davis,* 'there are no allegations that the magistrate abandoned his detached and neutral role in issuing the warrant for the search of (appellant's) home. Further, there is no evidence that the affiant was dishonest or reckless in preparing the affidavit or that he could not have harbored an objectively reasonable belief in the existence of probable cause to search (appellant's) residence. On the contrary, the evidence shows that the officer's reliance on the magistrate's determination of probable cause for the search of (appellant's) house was objectively reasonable. . . .' [Cit.]" *State v. Gary,* 201 Ga. App. 556, 557 (411 SE2d 536) (1991). "Moreover, we conclude that no suasive evidence of record exists that the search warrant was so facially deficient that the executing officers could not reasonably presume it to be valid[.]" *Williams v. State,* 193 Ga. App. 677, 681 (388 SE2d 893) (1989). "Accordingly, a finding of the applicability of the [*United States v.*] *Leon*[, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984)] good-faith exception would be *demanded* under the existing circumstances and evidence. It follows that a denial of appellant['s] motion was the only correct ruling and that, even if the trial court based its ruling on an erroneous finding of the existence of probable cause, an affirmance would nevertheless be mandated. 'When a ruling of the trial court is legally correct, it will be upheld regardless of the reason assigned. [Cits.]' [Cit.] Accordingly, the denial of appellant['s] motion to suppress is affirmed under the *Leon* good-faith exception to the exclusionary rule." *Debey v. State,* supra at 514-515.

3. The description of the handgun for which the warrant was actually issued, though general rather than specific, was sufficient. *Young v. Caldwell,* 229 Ga. 653, 654 (4) (193 SE2d 854) (1972). See also *Johnson v. State,* 179 Ga. App. 467, 468 (4) (346 SE2d 903) (1986); *Butler v. State,* 130 Ga. App. 469, 473 (2) (203 SE2d 558) (1973).

4. The admission of appellant's two prior drug convictions is enumerated as error.

The two crimes with which appellant was charged in the instant case were possessory offenses and the trial court admitted certified copies of and testimony with regard to appellant's prior convictions for possession of cocaine and possession of marijuana. Compare *Faison v. State,* 199 Ga. App. 447 (1) (405 SE2d 277) (1991) (discussing the admissibility, at trial for sale of drugs, of prior conviction for mere possession). As in the instant case, appellant's prior convictions were based upon his possession of cocaine and marijuana which had been found pursuant to a search of his residence. "We . . . find a

sufficient similarity between the independent crime[s] and offense[s] charged for [them] to be admissible to show bent of mind or course of conduct. [Cits.]" *Christopher v. State,* 190 Ga. App. 393, 396 (2) (379 SE2d 205) (1989). Compare *Faison v. State,* supra.

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 30, 1992 —
RECONSIDERATION DENIED MAY 14, 1992 — 

*Maria T. Gonzalez,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Joseph J. Drolet, J. Clayton Culp, Assistant District Attorneys,* for appellee.