## A00A1703. BUFFINGTON v. THE STATE.
(538 SE2d 528)

BARNES, Judge.

A jury found Quincy Buffington guilty of possessing marijuana with the intent to distribute it. On appeal, Buffington contends (1) the trial court erred when it allowed a police officer to interpret a ledger found on Buffington at the time of his arrest, and (2) insufficient evidence supports his conviction. We disagree and affirm.

Viewed in the light most favorable to the verdict, the record shows that Officer Robertson arranged to observe a confidential informant purchase a half-pound of marijuana from Gary Williams, appellant's co-defendant. When Williams arrived at the designated location, a bystander warned him that it was a setup. Officer Robertson left his hidden position, ran to the car driven by Williams, and told him to stop. When Robertson tried to put the car in park, Williams drove away and crashed into a fence. Robertson testified that while he was trying to stop Williams, he saw a large bag of marijuana lying on the bench seat between Williams and his passenger, Buffington. After Williams crashed into the fence, the marijuana bag was lying on the floorboard of the driver's side of the car. The car was owned by Buffington's uncle.

Another police officer testified that he searched appellant Buffington and found approximately $1,400 in cash and a handwritten ledger. The ledger contained names and initials with numerical amounts, in pounds and ounces, listed beside them. It also stated "got 10 lbs" and the numbers beside five names and initials totaled ten. One set of initials on the ledger was "GW." The ledger also contains figures showing that a 1 was equivalent to 900.[1]

This officer testified that based on his narcotics investigation training and experience in the field, including his past experience with drug ledgers, he could decipher the ledger for the jury. In his opinion, the ledger showed that the pounds and ounces referenced on the ledger referred to marijuana because the average street value of marijuana was $900 per pound. He further testified that in his opinion, the number 3 next to the initials "GW" showed that appellant sold three pounds of marijuana to Gary Williams. Finally, he testified that a half-pound of marijuana would not normally be used for personal consumption, but would instead be broken down into "ounces, dime bags, nickel bags, [and] joints" before sale. A dime bag, costing

---

[1] These figures were:

| 2700 | 3 |
| 3600 | 4 |
| 900 | 1 |
| 900 | 1 |
| 900 | 1 |

$10, is an amount typically purchased for personal consumption.

1. In his first enumeration of error, Buffington contends the trial court erred by allowing the police officer to testify "as to what he thought items contained in the ledger meant instead of allowing the document itself serve as the best evidence of its contents." According to Buffington, the officer's testimony was conjecture and speculation because he had no personal knowledge of the meaning of the ledger entries. We disagree. The trial court properly allowed the officer to provide the jury with opinion evidence about the meaning of the ledger based on his experience and training. *Kimbrough v. State*, 215 Ga. App. 303, 304 (1) (450 SE2d 457) (1994).

2. We further find the evidence sufficient to support Buffington's possession with intent to distribute under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 22, 2000.

*Summer & Summer, Daniel A. Summer, Elizabeth B. Reisman,* for appellant.

*Lydia J. Sartain, District Attorney, Jennifer C. Bagwell, Assistant District Attorney,* for appellee.