## A05A1631. IBEKILO v. THE STATE.
(626 SE2d 592)

BERNES, Judge.

A Fulton County jury found Damian Ibekilo guilty of trafficking in heroin. Ibekilo appeals, contending the trial court erred in denying his motions to suppress and in limine seeking to exclude evidence seized pursuant to the execution of a search warrant at Ibekilo's residence. He also contends the verdict was contrary to law and challenges the sufficiency of the evidence to support the verdict. For the reasons set forth below, we affirm.

1. Ibekilo contends that the affidavit supporting the search warrant failed to establish probable cause for issuance of the warrant. He specifically contends that the affidavit supporting the warrant failed to establish the reliability of the confidential informant. We disagree.

> In determining whether probable cause exists for the issuance of a search warrant, the magistrate's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Citation and punctuation omitted.) *De-Young v. State*, 268 Ga. 780, 786-787 (7) (493 SE2d 157) (1997). This Court's review of the magistrate's decision is limited to "determin(ing) if the magistrate had a 'substantial basis' for concluding that probable cause existed to issue the search warrant( ). (Cit.)" Id. at 787 (7).

*Smith v. State*, 274 Ga. App. 106, 107 (1) (616 SE2d 868) (2005). We afford substantial deference to a magistrate's decision to issue a search warrant based on a finding of probable cause. Id.

The affidavit in this case alleges in pertinent part that the affiant, a City of Atlanta police officer, received information about "illegal drugs . . . being stored and sold from" a specific address. After receiving that information, the officer conducted a surveillance at that address where he saw persons approaching the residence at various times of the day, knocking on the door, entering the house, staying for approximately a minute, and then leaving "by the same means in which they arrived." The officer, who had been specially trained in the investigation of illegal drug trafficking and sales, considered this activity to be an "indication of drug activity."

The officer then arranged for an individual, whom he termed a "confidential and reliable informant" (CRI), to make a controlled drug

buy at the residence. The informant had provided the officer with information within the prior 30 days that led to the issuance of several other warrants and resulted in the recovery of approximately 25 grams of cocaine and more than $3,000 in drug money. The informant, while under constant surveillance, proceeded to the residence, knocked on the door, entered, and then made a controlled purchase of what appeared to be heroin using government funds.

The judge issuing the search warrant plainly had a substantial basis for determining that there was probable cause to issue the warrant. *Smith*, 274 Ga. App. at 107. The informant's reliability could be inferred from the fact that he had previously provided information to the affiant which led to the seizure of illegal drugs. *Copeland v. State*, 273 Ga. App. 850, 852 (616 SE2d 189) (2005). More importantly, "even if the informant had no known credibility, the controlled buy conducted under the observation of the officer alone, would have been sufficient to establish probable cause." (Footnote omitted.) *Turner v. State*, 247 Ga. App. 775, 779 (4) (544 SE2d 765) (2001). Contrary to Ibekilo's assertion, it was not necessary for the affidavit to connect him with the heroin purchased by the informant because "the information given was [nevertheless] sufficient to show a fair probability that contraband or evidence of a crime would be found" at the premises described in the warrant. *Browner v. State*, 265 Ga. App. 788, 790 (1) (595 SE2d 610) (2004).

Ibekilo also contends the officers should not have executed the warrant after discovering there were multiple occupants in the residence. He argues this fact rendered the description of the house as a single family dwelling incorrect. While another man and woman were present in the house when the warrant was executed, there was no evidence that these other two persons resided at the house. The residence was listed on tax records as a single family house belonging to an individual, and there were no external signs indicating a rooming house or a multi-family dwelling. A lease for the premises discovered by the police during the course of the search showed Ibekilo to be the only lessee. As found by the trial court, "there was no testimony that there was more than one residence or building located at the address given in the affidavit and warrant," nor was there any "evidence before the Court that the officer knew, or should have known, that more than one person resided at the residence, if any did at all." See *State v. Capps*, 256 Ga. 14, 16 (3) (342 SE2d 676) (1986).

Lastly, contrary to assertions made by Ibekilo in his brief, there was no evidence that any of the facts or information about which the attesting officer avowed were false or unreliable. The trial court did not err in denying Ibekilo's motion to suppress.

2. Ibekilo asserts that the trial court erred in denying his motion in limine to exclude from evidence a drug ledger discovered during

the execution of the search warrant at Ibekilo's residence. The ledger listed names and nicknames of people, quantities of drugs, and the amounts owed and paid for the drugs. The ledger also contained terms used in the drug trade such as "1st bomb" and "cookie." Some entries were marked paid and others unpaid. A Federal Bureau of Investigation (FBI) special agent at the scene recognized the ledger as a record of criminal activity involving the sale or distribution of drugs.

Ibekilo contends the ledger is a private paper which was not subject to seizure. See OCGA § 17-5-21. However, a "seizure of private papers not listed in [a] warrant [is permissible] where those papers are the instrumentalities of a crime and the search is otherwise valid. [Cits.]" *Ledesma v. State*, 251 Ga. 885, 890 (7) (a) (311 SE2d 427) (1984). Furthermore, drug ledgers documenting drug transactions are not "private papers" protected under OCGA § 17-5-21. *Ledesma*, 251 Ga. at 890. The trial court did not err in admitting the challenged documents, which were clearly relevant to the drug trafficking charge. See *Buffington v. State*, 245 Ga. App. 637, 638 (1) (538 SE2d 528) (2000).

3. Ibekilo contends that the evidence was insufficient to support his conviction. He argues that the facts and circumstances merely placed a grave suspicion upon him and that other persons on the premises had equal opportunity to possess the heroin or to place it where it was discovered. The evidence, on appeal, must be viewed in the light most favorable to the verdict and Ibekilo no longer enjoys the presumption of innocence. *Lawrence v. State*, 238 Ga. App. 102 (517 SE2d 822) (1999).

So viewed, the evidence shows a surveillance of Ibekilo's house was conducted over a two-week period by an Atlanta police officer and that, after observing a pattern of behavior indicative of drug activity, he arranged for an informant to make a controlled buy of heroin at the house. After the controlled buy was completed and a search warrant obtained, the officer, accompanied by members of a drug task force and several FBI agents, executed the warrant at Ibekilo's house. When the law enforcement officers arrived at the house, they encountered Ibekilo, and two other people, a woman and another man. Ibekilo admitted he lived at the house, and no room, other than Ibekilo's bedroom, showed any signs of occupancy.

One of the officers examined Ibekilo's wallet looking for identification and found "a tape square of some kind." He asked Ibekilo what was inside the square. Ibekilo told the officer there were coins inside and subsequently gave the officer permission to open the square. The officer unwrapped the tape and discovered "a set of small keys that appeared to go to luggage or small locks." No coins were found.

One of the keys opened a black nylon bag found on the bed inside Ibekilo's bedroom. Inside the bag, police discovered personal documents addressed to Ibekilo at the house, a lease for the house, cellular phones, and a small blue bag containing a pill bottle. The lease identified Ibekilo as the lessee of the house. Inside the pill bottle were 20 separate bags or "bombs" of heroin with a net weight of 4.36 grams.

A person commits the offense of trafficking in heroin when he or she knowingly possesses four or more grams of heroin. See OCGA § 16-13-31 (b).

> A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.

(Citation and punctuation omitted.) *Singleton v. State*, 194 Ga. App. 5, 5-6 (389 SE2d 496) (1989). Based on the evidence set forth above, the jury was authorized to find that Ibekilo knowingly possessed the requisite quantity of heroin. See *Jackson v. State*, 276 Ga. App. 694 (624 SE2d 270) (2005). Whether others, as Ibekilo claims, had equal access to the heroin was a question for the jury to decide. See *Forrester v. State*, 255 Ga. App. 456, 457-458 (1) (565 SE2d 825) (2002). Any rational trier of fact could have found Ibekilo guilty beyond a reasonable doubt of trafficking in heroin. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 26, 2006 — 

*Collins & Jones, Henry C. Collins*, for appellant.

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, David K. Getachew-Smith, Assistant District Attorneys*, for appellee.