## A10A0799. DAY v. THE STATE.
(695 SE2d 719)

MIKELL, Judge.

Douglas Day appeals his conviction of possession of methamphetamine with intent to distribute, arguing that the trial court erred by denying his motion to suppress contraband seized from his camper. Finding no error, we affirm.

A trial court's order on a motion to suppress will not be disturbed on appellate review if there is any evidence to support it, and we will accept the trial court's decision with regard to questions of fact and credibility unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.[1]

So viewed, the record shows that Lieutenant William Stokes of the Twiggs County Sheriff's Department obtained a search warrant for

[p]roperty located at 691 Highway 96 Jeffersonville Ga. Twiggs County, any persons on said property, any outbuildings, and curtilage of said property. Occupant of said property is known to us as "Douglass Day." The residence is

---

[8] See *Crawford v. Dammann*, 277 Ga. App. 442, 447 (1) (b) (626 SE2d 632) (2006).

[1] (Punctuation and footnotes omitted.) *Wolf v. State*, 291 Ga. App. 876 (663 SE2d 292) (2008).

described as off white in color with brown trim pull behind camper.

The record shows that the address stated in the warrant belongs to a brick house occupied by Day's mother, Lorraine Price. Stokes testified at the suppression hearing that the 691 Highway 96 address was the only one visible from the road; that he applied for the warrant based on information that methamphetamines were kept in the camper, where Day lived; that Stokes believed that the camper was part of Price's address since it was sitting in her back yard, 150 yards behind her house; and that when officers executed the warrant, Stokes saw electrical cords running from the mother's house to the camper, so he assumed that the camper was getting its electricity from the house. Stokes also testified, however, that the camper faced an alley beside Highway 96 called Califf Lane, and photographs introduced into evidence showed the number "103" displayed on the front of the camper and on its entrance door. None of the photographs depicted a sign for Califf Lane.

A search of the camper revealed contraband, and Day was arrested. He moved to suppress the evidence found in the camper. The trial court denied the motion, finding that the property description was sufficient for a law enforcement officer to determine the location with reasonable certainty.

Following our denial of Day's application for interlocutory appeal, a bench trial was held. Stokes testified that he obtained the warrant for the Highway 96 address because he did not see any street signs or a number on the camper until he walked up to it. He also testified that there was no fence separating the camper from the house. Finally, Stokes testified that when he served the warrant, Day was standing on the steps outside the camper packaging methamphetamine. Day's mother testified that Day moved the trailer onto the property about a month prior to his arrest. The trial court found that the search warrant was valid as it sufficiently identified the property to be searched. Day was convicted of violating the Georgia Controlled Substances Act. On appeal, Day enumerates as error the denial of his motion to suppress. He specifically contends that the search warrant was invalid because it did not provide the address of the camper. We disagree.

"The United States and Georgia Constitutions protect citizens from unreasonable searches and seizures and thus provide that no warrant shall issue except upon probable cause particularly describing the place to be searched, and the persons or things to be seized."[2]

---

[2] (Citations and punctuation omitted.) *Thomas v. State*, 287 Ga. App. 262, 263 (651 SE2d 183) (2007).

"The test for the sufficiency of a premises description is whether on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty,"[3] and without depending upon his discretion.[4]

Day argues that no prudent officer searching for the property in question could have found the camper at issue without using his discretion. In support of this contention, he cites *Thomas v. State*,[5] but that case is distinguishable. The warrant in *Thomas* contained an entirely different address from the residence that was actually searched because the officer who prepared the warrant inadvertently used an address from a prior warrant application.[6] Moreover, the warrant did not list Thomas's name or the name of any other owner or occupant of the residence.[7] We concluded that the warrant was constitutionally defective pursuant to the rule that, where "the name of the owner or occupant is not given in the warrant, the description of the premises must be exact."[8]

By contrast, the warrant in the case at bar provided Day's name as the occupant of the property to be searched. Moreover, the warrant's description of the residence as "off white in color with brown trim pull behind camper" would permit a prudent officer to locate Day's camper definitely and with reasonable certainty, and without depending upon his discretion.[9] This is particularly true because Stokes testified that the camper was off-white with brown trim, was "pulled behind" Day's mother's house, and was connected to it with electrical extension cords. Accordingly, the trial court correctly denied Day's motion to suppress.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 26, 2010.

*D. Duston Tapley, Jr.*, for appellant.
*Louie C. Fraser, District Attorney, LaShonda C. Harris, Assistant District Attorney*, for appellee.

---

[3] (Citations and punctuation omitted.) *Anderson v. State*, 249 Ga. 132, 135 (5) (287 SE2d 195) (1982). Accord *Gumina v. State*, 166 Ga. App. 592, 594 (2) (305 SE2d 37) (1983).
[4] See *Chambless v. State*, 165 Ga. App. 194, 195 (1) (300 SE2d 201) (1983); *State v. Sanders*, 155 Ga. App. 274, 275 (270 SE2d 850) (1980) (whole court).
[5] Supra.
[6] Id. at 262.
[7] Id. at 263.
[8] (Citation and punctuation omitted.) Id.
[9] See *Gumina*, supra; *Chambless*, supra; *Sanders*, supra.