**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 30, 2012**

# In the Court of Appeals of Georgia

A12A1058. HINES v. THE STATE.

ANDREWS, Judge.

At a bench trial on facts stipulated to by the prosecution and the defense, Jeffrey Kyle Hines was found guilty of five counts of sexual exploitation of children in violation of OCGA § 16-12-100 (b) (8). Evidence showed that Hines possessed five video files located on a computer at his residence depicting minors engaging in sexually explicit conduct. Police found the video files during a search of Hines's residence pursuant to a warrant. Hines contends that the trial court erred by denying his motion to suppress evidence of the video files because the warrant was insufficient to justify the search. We find no error and affirm.

An investigator with the Cherokee County Sheriff's Office conducted an investigation over the internet which revealed that a computer attached to a Comcast-

owned internet protocol (IP) address located in Cherokee County was using a specific software program to share known and suspected child pornography files. After being served with a search warrant, Comcast informed the investigator that the IP address was assigned to a customer located at 547 Toonigh Road in Woodstock, Georgia. Based on a finding that there was probable cause to believe that a crime in violation of OCGA § 16-12-100 was being committed at that location, the investigator obtained a warrant to search the property. The property was described in the warrant as a house located at 547 Toonigh Road with attached garages and a single mailbox, and the warrant authorized the investigator to search the house and any vehicles and buildings located on the property for computer hardware or software containing images of children depicting sexually explicit conduct as defined in OCGA § 16-12-100, together with indicia of use, ownership, possession, or control of those items.

When the investigator executed the search warrant at the property, the wife of the Comcast customer appeared at the door of the house. The investigator told her that an investigation led him to believe that a computer connected to the internet at her address contained child pornography, and that he had a search warrant. She told the investigator that she and her husband and their daughter lived in the house, and that Hines, her husband's nephew, lived in a recreational vehicle owned by them and

2

parked on the property behind the house. She also told the investigator that she and her husband had computers in the house connected to the internet by a wireless router, and that Hines had a computer in the recreational vehicle and had their permission to use the signal from their wireless router to connect to the internet. The investigator searched the recreational vehicle pursuant to the warrant and found Hines's computer. Evidence showed that Hines's computer was the same computer which the investigator's internet investigation showed was sharing child pornography files, and the computer contained the five video files used as evidence to convict Hines of five counts of violating OCGA § 16-12-100 (b) (8).

Hines contends that, when the investigator learned for the first time prior to the search of the recreational vehicle that the vehicle was his separate residence, the investigator was required to obtain a separate warrant to search that vehicle. To the contrary, the warrant to search the property at 547 Toonigh Road provided that there was probable cause to search the house and any other buildings and vehicles located on the property. Hines does not dispute that there was probable cause for issuance of the warrant to search the property located at 547 Toonigh Road, including the house, other buildings, and vehicles on the property, nor does he dispute that the recreational vehicle in which he was living was located on the described property. This is not a

case where a warrant was issued based on probable cause to search only one residence at a described street address, but other residences were also located at the address. In that case an issue may arise as to whether more than the street address is needed in the warrant to sufficiently describe the property to be searched. See *State v. Capps*, 256 Ga. 14, 15-16 (342 SE2d 676) (1986). Here, the search warrant provided that there was probable cause to search the house and any other buildings and vehicles located at the described street address. See *Fletcher v. State*, 284 Ga. 653, 655-656 (670 SE2d 411) (2008) (warrant found probable cause to search two residences located in a multiple-occupancy building at a single street address). We find that the search warrant sufficiently identified the recreational vehicle located at the street address as property to be searched such that "it enable[d] a prudent officer executing the warrant to locate the . . . place definitively and with reasonable certainty," and sufficiently limited the searching officer's discretion. *Day v. State*, 304 Ga. App. 195, 197 (695 SE2d 719) (2010) (punctuation and citation omitted); *Reaves v. State*, 284 Ga. 181, 187-188 (664 SE2d 211) (2008); *Price v. State*, 303 Ga. App. 859, 862 (694 SE2d 712) (2010); *Felix v. State*, 234 Ga. App. 509, 511 (507 SE2d 172) (1998), vacated on other grounds, 271 Ga. 534 (1999). The warrant described the place to be searched with sufficient particularity; the search did not exceed the

4

scope of the warrant; and the trial court correctly denied the motion to suppress. The evidence was sufficient for a rational trier of fact to find Hines guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*