# Court of Appeals
# of the State of Georgia

ATLANTA,  November 06, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0485.  DAMIAN IBEKILO v. THE STATE.

Damian Ibekilo was found guilty of trafficking in heroin, and we affirmed his conviction on appeal.  *Ibekilo v. State*, 277 Ga. App. 384 (626 SE2d 592) (2006).  Ibekilo later filed a motion to set aside his conviction, challenging the legality of the search leading to the discovery of the heroin he was convicted of trafficking.  He also filed a motion for copies of documents and records related to his case.  In an order entered on May 31, 2017, the trial court denied both motions, and on July 20, 2017, Ibekilo filed a notice of appeal to this Court.  We, however, lack jurisdiction.

First, Ibekilo's notice of appeal was not timely filed.  A notice of appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  Ibekilo, however, filed his notice of appeal 50 days after entry of the trial court's order denying his motions.  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).

Second, even if Ibekilo had filed a timely notice of appeal, the trial court's order is not directly appealable.  With respect to Ibekilo's motion to set aside his conviction, a motion to vacate or set aside a judgment of conviction "is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

With respect to Ibekilo's request for documents and records, "if no petition for habeas corpus is pending at the time an indigent prisoner makes any application for

[records] for purposes of collateral attack upon his conviction or sentence, that application will be treated as a separate civil action subject to the procedures and requirements of the Prison Litigation Reform Act of 1996. Specifically, appeals from the denial of any such applications for free [records] for post-conviction collateral attack must comply with the discretionary appeal procedures of OCGA § 5-6-35." *Coles v. State*, 223 Ga. App. 491, 492 (1) (477 SE2d 897) (1996); see OCGA § 42-12-8. As nothing in the record indicates Ibekilo has any currently pending collateral attack on his conviction or sentence, he was required to file an application for discretionary appeal to obtain review of the denial of his request.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  11/06/2017*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*