**SECOND DIVISION
GOBEIL,
MARKLE and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 7, 2026**

# In the Court of Appeals of Georgia

A25A2088. THE STATE v. DOLE.

MARKLE, Judge.

Nathan Walter Dole was indicted for ten counts of sexual exploitation of children. The trial court granted Dole's motion to suppress evidence recovered from his personal residence, concluding the search warrant was deficient. The State now appeals, contending the search was authorized by the language of the warrant. We agree, and thus reverse.

"In reviewing the grant or denial of a motion to suppress, we construe the evidence in the light most favorable to upholding the trial court's findings and judgment. The trial court's application of law to undisputed facts, however, is subject

to de novo review." *State v. Byrd*, 376 Ga. App. 14, 15 (918 SE2d 110) (2025) (citation modified).

So viewed, the record shows that, after being indicted for multiple counts of sexual exploitation of children, Dole filed a motion to suppress evidence recovered from a search of his parents' property. He contended that the search warrant was defective because it only listed his parents' residence, but not his own personal residence, which was located in a separate building on their property.

The search warrant at issue was for

> [t]he residence located at 586 Bostwick Circle, Vidalia, Toombs County, Georgia. The search is to include the entire curtilage of the residence as well as any vehicles and exterior buildings that are located on this property. The residence is further described as being a single-story residence with yellow siding, green shutters, white trim, and an asphalt shingle roof. There is a mailbox at the street with numbers 586 on it.

The address listed in the warrant belongs to Dole's parents. And the warrant authorized the seizure of electronic devices, such as computers and storage devices, and other media that might contain evidence of the sexual exploitation of children. See OCGA § 16-12-100.

At the suppression hearing, a special agent with the Georgia Bureau of Investigation testified that he applied for the warrant after receiving cyber reports that Dole was in possession of digital child pornography files. During the execution of the warrant, Dole's parents informed the agent that Dole lived in a separate building behind the house that was within the parents' tract of land. The agent determined that he was not required to obtain another warrant to search this structure, as it was an "exterior building,"and was thus authorized under the present warrant. The GBI seized computers and cell phones from this building.

Dole's father also testified at the hearing, characterizing this building as a "cabin," and designating it as Dole's primary residence for the past five years. The father also stated that the cabin had no separate power pole, but had buried power lines that fed off of their home's electricity, as well as water running to it; and all the cabin's utility bills were remitted to the parents' residence. The cabin did not have a separate mailing address.

The trial court granted Dole's motion to suppress, concluding that the cabin was beyond the scope of the warrant. This appeal followed.

In related enumerations of error, the State contends the trial court erred in granting the motion to suppress because the language of the warrant authorized the search of detached structures on the property, and the warrant was not invalidated by any residential use of these structures. We agree.

> The United States and Georgia Constitutions protect citizens from unreasonable searches and seizures and thus provide that no warrant shall issue except upon probable cause particularly describing the place to be searched, and the persons or things to be seized. The test for the sufficiency of a premises description is whether on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty, and without depending upon his discretion.

*Day v. State*, 304 Ga. App. 195, 196–97 (695 SE2d 719) (2010) (citation modified). The State bears the burden of proving the warrant's validity. *Sherod v. State*, 334 Ga. App. 314, 319(1), n. 17 (779 SE2d 94) (2015); *Colon v. State*, 275 Ga. App. 73, 80-81(7)(a) (619 SE2d 773) (2005).

Simply put, the warrant here describes the place to be searched with sufficient particularity; it did not require officers to exercise their discretion to locate the place to be searched. See *Day*, 304 Ga. App. at 196–97. That is to say, the warrant identifies

Dole's parents' residence and "the entire curtilage,"[1] specifically including any exterior buildings, of which Dole's cabin is one. The fact that the warrant does not specify the cabin as his residence is of no matter; the officers were authorized to search it as part of the curtilage of the larger residence. See *Hines v. State*, 317 Ga. App. 541, 542 (731 SE2d 782) (2012) (additional warrant to search recreational vehicle defendant claimed to be his separate residence not required where warrant authorized search of the primary residence and all buildings and vehicles on the property); *Gumina v. State*, 166 Ga. App. 592, 594(2) (305 SE2d 37) (1983) ("In the instant case, not only were the buildings other than the obvious larger residence accurately described as trailers by the warrant, but even if they had not been described at all, the

---

[1]     The word "curtilage" includes yards and grounds of a particular address together with the gardens, barn and buildings thereon. The principle of curtilage comes to us from the common law and traditionally has included out-buildings, which may be searched as part of the "premises" though not specifically described so long as permission has been obtained to search the premises.

*Gumina v. State*, 166 Ga. App. 592, 594(2) (305 SE2d 37) (1983) (citation modified).

5

officers would have been authorized to search them as part of the curtilage or premises of the residence.").

Nevertheless, Dole contends the search exceeded the scope of the warrant, and the agent was thus required to obtain another warrant to search the cabin upon learning it was his separate residence.[2] Dole relies on a line of cases involving multiple-unit structures, such as apartment buildings, boarding houses, and hotels, and the test applied under those circumstances to determine whether the warrants described the locations to be searched with sufficient particularity. See, e.g., *Maryland v. Garrison*, 480 US 79 (107 SCt 1013, 94 LE2d 72) (1987) (more than one unit on third floor of apartment building); *Miller v. State*, 126 Ga. App. 847 (191 SE2d 883) (1972) (rooming house)*; Jones v. State*, 126 Ga. App. 841 (192 SE2d 171) (1972) (multiple apartments in two-story building). But this case does not involve a multi-unit building. It involves an exterior building that lies within the curtilage of a specifically identified single-family house. As such, we are guided by our decisions in *Gurmina* and *Hines*.

---

[2] Dole does not dispute that there was probable cause for the warrant to search his parents' home, nor that his cabin was located within the property's curtilage.

We thus conclude that the warrant described the place to be searched with sufficient particularity, and the search of Dole's cabin did not exceed the scope of the warrant. Accordingly, we reverse the trial court's judgment.

*Judgment reversed. Gobeil and Davis, JJ., concur.*